## Linderman v. Lawrence

254

*Jeffrey Mahle*, for plaintiff.
*William D. Murphy*, for defendant.

WOOD, *J.*, January 27, 1981—Defendants have preliminarily objected to plaintiff's complaint in partition of jointly owned property.

This action was originally brought by Doris Lawrence, now deceased, seeking a division and partition of property held jointly by her and her husband, Mervel Lawrence. Complaint alleges that Mr. Lawrence, without his wife's knowledge or consent, misappropriated certain jointly-held property with the intention of depriving his wife of any use or enjoyment thereof. The complaint was verified by Richard D. Linderman, Esq., who signed the affidavit attached to the complaint pursuant to a power of attorney executed by plaintiff. Four days after the filing of the complaint, Mrs. Lawrence died. A suggestion of death and substitution of personal representative was then filed within a week following. To further complicate matters, defendant died about one and one-half months after his wife.

Defendant objects that the partition action was not properly commenced because the affidavit attached to the complaint does not state the reasons

why the verification was not made by plaintiff's attorney rather than plaintiff, and cites Pa.R.C.P. 1024(c). We find that the procedure followed in this case does not violate Rule 1024.

Pa.R.C.P. 1024(c) requires that when someone other than a party verifies a pleading, an explanation must be included as to why the party did not verify. However, 1 Goodrich-Amram § 1002:1.1 notes an exception to this general rule, which permits verification by an attorney-in-fact acting under a power of attorney, and executing the affidavit in that capacity. This exception was adopted by the York County Court of Common Pleas in Patmore v. Lizotte, 3 D. & C. 3d 161 (1977).[1]

Defendant also contends that the partition action abated on the death of Doris Lawrence. In support of his argument, he relies on Sheridan v. Lucey, 395 Pa. 306, 149 A. 2d 444 (1959).

In Sheridan, one of three joint tenants with right of survivorship brought an action to partition the jointly-owned property, and then died. The court held that although a joint tenant could, by his or her sole act, work a conversion of a joint tenancy into a tenancy in common, merely filing suit was not such a "sole act." Therefore, the action abated and the remaining two joint tenants became owners of the property.

Here, however, the complaint alleges that de-

---

1. Our attention has been called to the recent case of Lewis v. Erie Insurance Exchange, 281 Pa. Superior Ct. 193, 421 A. 2d 1214 (1980). We find that case inapposite, since it does not involve verification by an attorney-in-fact. Nevertheless, we consider our holding to be in accord with the spirit of Lewis, which says that courts should not be overtechnical if the result is to deny a party his day in court.

fendant husband misappropriated to his own exclusive use certain property owned as tenants by the entireties. This act of appropriation, according to recent appellate cases, constitutes an offer to sever the tenancy by the entireties: See, Estate of Allen, 488 Pa. 415, 412 A. 2d 833 (1980); Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978); Damirgian v. Damirgian, 262 Pa. Superior Ct. 463, 396 A. 2d 1263 (1978); and Eyer Estate, 455 Pa. 369, 317 A. 2d 203 (1974). That offer is accepted by the filing of a complaint in partition: Damirgian, supra, and Eyer, supra. Since the parties had severed the entireties through their actions before the death of Mrs. Lawrence, the rationale employed by the Sheridan court is inapplicable here. We conclude that the action did not abate at plaintiff's death, and the general rule that all causes of action survive the death of plaintiff controls: 42 Pa.C.S.A. §8302.[2]

Finally, defendant maintains that the Orphans' Court has exclusive jurisdiction over this matter. Plaintiff argues that since the suit was instituted in the court of common pleas at a time when that court alone had exclusive jurisdiction it should retain jurisdiction until the matter is concluded. Although

2. We consider the device of an "offer" to sever by misappropriation and an "acceptance" by filing suit to be a fiction, and it seems to us that the use of fictions to solve problems in one area might create unwarranted and inconsistent results in another. However, we do think that the result here is warranted not only by the law, but by the factual setting alleged, as well. If husband did wrongfully appropriate entireties property, he should not be permitted to enjoy the fruits of his wrongdoing because of Mrs. Lawrence's unfortunate but fortuitous demise.

we could find no definitive authority on this precise issue, we think this matter should be transferred to the orphans' court division, and note that, by happy coincidence, the undersigned is judge of that division. Any other result would in effect usurp the function of the orphans' court to determine title to a decedent's property.[3] See: 20 Pa.C.S.A. §711(17), and Dresner v. Gonynor, 43 D. & C. 2d 652 (1966). Moreover, at oral argument, counsel for plaintiff could not point to any prejudice to his case that would result from transferring this case to the orphans' court division.

ORDER

And now, January 27, 1981, upon consideration of the pleadings and briefs and after oral argument, defendant's preliminary objections concerning verification and abatement are overruled.

We hereby transfer this case to the orphans' court division and direct the prothonotary to transfer the record to the clerk of the Orphans' Court.

We further order that a personal representative be substituted for defendant as promptly as possible.

------

3. We consider that this case essentially involves title to personal property which is or should be in the possession of the personal representative. We do not hold that the mere fact of plaintiff's death confers jurisdiction upon the orphans' court division.