Eyer Estate.

Argued January 8, 1974. Before JONES, C. J., O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Benjamin I. Levine, Jr.,* and *Nelson, Campbell & Levine,* for appellant.

*John Woodcock, Jr.,* and *Woodcock & Mattas,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, March 25, 1974:

Appellant, James W. Nelson, executor of the Estate of Sulia H. Eyer, appeals from the decree of the Court of Common Pleas of Blair County disallowing appellant's claim of a one-half interest in a savings account in the name of Sadie and Paul K. Wharton.[1]

Appellant's claim is based on the following pertinent facts. On February 2, 1967, Sulia H. Eyer added the name of Sadie Wharton, her niece, to a savings account with the Investment Savings and Loan Association of Altoona, Pennsylvania, and signed a signature card, thereby vesting in Sadie Wharton the power of withdrawal and right of survivorship in an unrestricted joint tenancy. The account book was given to Sadie.

---

[1] A checking account was also involved but the Court of Common Pleas decided that it was an agency account administered by Paul K. Wharton on behalf of Sulia H. Eyer and decreed the balance of that account be paid over to appellant, the Executor, for administration as part of the estate of Mrs. Eyer.

In November of 1969, Sadie Wharton transferred the funds from that account into a new account in the names of herself and her husband as tenants by the entirety, subject to withdrawal by either of them and with the right of survivorship. At the time of Mrs. Eyer's death on July 24, 1970 the balance in the savings account was $15,371.13. There had been no withdrawals from this new account.

Appellant contends that Sadie's creation of the new account constitutes severance of the original joint account. The result, he argues, would be creation of a tenancy in common with no right of survivorship between Sadie and the decedent. Under this theory, the Whartons would be accountable to the estate for one-half of the balance in the savings account.

The appellant relies on *Berhalter v. Berhalter,* 315 Pa. 225, 228, 173 A. 172, 173 (1934), where this Court enunciated the proper test to be applied in all cases involving the severance of a joint tenancy. We held: "Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto." This test is not limited to joint accounts opened by a husband and wife. *Beniger Estate,* 449 Pa. 373, 296 A. 2d 773 (1972) ; *Carson Estate,* 431 Pa. 311, 245 A. 2d 859 (1968).[2]

_____

[2] The action in bad faith will immediately sever a joint tenancy. In a tenancy by the entireties, however, only the two tenants acting together may terminate the estate. If one spouse appropriates property held by the entireties to his or her own use, revocation of the estate results only by virtue of the fiction that the appropriation is an offer of an agreement to terminate the estate which the other spouse accepts by instituting an action. The property is then fit for accounting and division. *See, e.g., Cohen v. Goldberg,* 431 Pa.

The court below concluded as a matter of law that the unilateral transfer of the corpus of the joint savings account by the act of Sadie Wharton into an entireties estate was alone insufficient to justify a finding that Sadie was not acting for the mutual benefit of both herself and her aunt. We disagree.

The opinion of the lower court contains extensive citation to our decisions in *Beniger Estate, supra,* and *Culhane's Estate,* 334 Pa. 124, 5 A. 2d 377 (1939). In those cases we held that the bad faith requisite to severance of a joint tenancy will not be presumed on the basis of a withdrawal alone, if the joint tenant has placed the money elsewhere in his or her name, retaining it in its entirety.[3] Our finding in both cases that there was no bad faith present to effect a severance was based on a perception that unity of title between the joint tenants continued conceptually in the funds held elsewhere.

The present case is clearly distinguishable from *Beniger* and *Culhane* in that Sadie created a new account in the names of herself and her husband as tenants by the entireties, subject to withdrawal by either of them and with the right of survivorship. The effect of her action was to invest a third person with rights of ownership in the original fund. Indeed, had Sadie predeceased her husband and the decedent, full ownership of the account would have vested in the husband. The decedent did not consent to the transfer of the savings into the new account, and there is no evidence

---

192, 244 A. 2d 763 (1968) ; *Reifschneider v. Reifschneider,* 413 Pa. 342, 196 A. 2d 324 (1964).

[3] In *Beniger Estate,* a daughter withdrew all funds from a joint account held with her father and placed it in a new account in *her own* name, retaining it in its entirety. In *Culhane's Estate,* a joint tenant collected and endorsed checks made payable to either tenant and placed the proceeds in a safe deposit box in her own name, retaining them also untouched.

that she was aware of it. Unity of title has clearly, therefore, been disrupted. Sadie's transfer is sufficient in and of itself to manifest bad faith and to constitute severance of the joint estate. Under the resultant tenancy in common, Sadie and Paul K. Wharton are accountable to appellant for one-half of the fund.

Decree reversed. Each party to pay own costs.

Mr. Justice EAGEN took no part in the consideration or decision of this case.

Mr. Justice MANDERINO dissents.