## Segel Estate

*Sam Pasquerilla,* for appellants.
*James DiFrancesco,* for Commonwealth.

SMORTO, P. J., June 28, 1974.—The issue here involved is whether an agreement by a surviving spouse to hold a portion of entireties property for the children by first marriage of the deceased spouse is a transfer by the deceased spouse subject to tax under section 224 of the Inheritance Tax Act of June 15, 1961, P. L. 373, 72 PS §2485.101, et seq.

Decedent, Marion Segel, a resident of Westmont Borough, Cambria County, Pa., died on January 23, 1971. She was survived by her husband, Harry Segel, and two adult children by a prior marriage, Burton Bogdan and Vera Ervich.

By deed dated March 4, 1966, and recorded in Cambria County Deed Book, vol. 818, at page 457, decedent and her husband purchased real estate situate in said borough as tenants by the entireties. The funds for this purchase were contributed by each of the spouses but a portion thereof was obtained by a mortgage loan. However, prior to said purchase, decedent and her husband entered into an agreement whereby

they acknowledged that they were taking title by the entireties but that the husband, Harry, would hold a 45.77 percent interest in trust for the said children of decedent, Marion. However, if Harry were to die first, then Marion would be the owner in fee of the entire property.

When decedent, Marion, died on January 23, 1971, the inheritance tax return in her estate declared the said property as exempt on the theory that it was entireties property. The Commonwealth then appraised the estate assets but assigned no value and assessed no tax on the real estate in question. On July 18, 1972, this realty was sold and Marion's said two children received $9,167.96 as their share of the proceeds of sale. Harry then died almost a month later, on August 17, 1972. In the processing of his estate, when the Commonwealth learned of the said agreement between Marion and Harry, it reappraised the assets of Marion's estate and assessed a tax on the $9,167.96 which had been paid to the children under the provisions of section 224 of the Inheritance Tax Act. This appeal followed.

Section 224 of the Act provides that:

"A transfer conforming to section 221-a, and under which the transferor . . . reserves for his life or any period which does not in fact end before his death, (1) the possession or enjoyment of, or the right to the income from, the property transferred, or (2) the right either alone or in conjunction with any person not having an adverse interest, to designate the persons who shall possess or enjoy the property transferred, or the income therefrom, is subject to tax under this act."

Section 221-a provides as follows:

"All transfers of property specified in sections 222-226, which are made during his lifetime by a resident . . . to the extent that they are made without

valuable and adequate consideration in money or money's worth at the time of transfer, as subject to tax under this act."

We do not feel that the said sections make Marion's interest in the said real estate subject to the tax now sought to be imposed by the Commonwealth.

Marion and Harry acquired title to the property as tenants by the entireties. At that time, Harry agreed that, if Marion died first, he would hold 45.77 percent of the realty for her children. Thus, it is apparent that if Harry had died before Marion, her interest would not have been encumbered by, or subject to, the terms of the agreement. Title to the land in question would have vested in her fully and completely by virtue of her right as surviving tenant by the entireties. Only Harry's interest was burdened by the agreement. Thus, by reason of the foregoing, neither section 221-a nor section 224 of the Act can apply to Marion.

The facts here are somewhat similar to those in McEwen Estate, 348 Pa. 23, 33 A. 2d 14 (1943), 1 A.L.R. 2d 1101, 1125. In that case, a husband's wife executed a deed of trust of securities originally owned in part by the husband and in part by the wife. The trust provided, inter alia, that, first, the income was to be paid to the donors or the survivor of them for their lives and the life of the survivor; secondly, if the husband predeceased the wife, any investment or reinvestment was limited to legal investment by the trustees; and, thirdly, after the death of the survivor of the donor, the trust was to terminate and the proceeds were to be distributed to various beneficiaries. Both husband and wife during their joint lives had the right to revoke the trust. However, the survivor had no such right. The trust was not revoked during the lifetime of the husband who predeceased the wife. At the husband's death, the inheritance tax appraiser did not include in the estate assets any part of the trust corpus.

However, when the wife died, the inheritance tax appraiser included all the assets of the trust corpus in his appraisement. The trustees, on the other hand, contended that only the wife's share of the securities in the trust corpus was subject to appraisal for inheritance tax purposes. The court held that the husband and wife had an interest in the corpus of the trust by the entireties. Upon the death of the husband, the full interest was vested in the wife by virtue of her right as surviving tenant by the entireties. Such passing or vesting of full title was exempt under the inheritance tax statute. However, upon her death, the entire corpus of the trust was subject to inheritance tax. Therefore, consistent with the result in McEwen, the conditional trust established here by decedent, Marion, and her husband, Harry, for part of the subject premises, did not destroy the tax exemption given to the property which was held by the entireties.

We, therefore, enter the following:

### DECREE

And now, June 28, 1974, the appeal is sustained and the Commonwealth Inheritance Tax Division is directed to amend its appraisement in said estate in accordance with this opinion.