## Crescent Consumer Discount Co. v. Monchak

*Donald L. Phillips*, for plaintiff.
*Ronald M. Buick*, for defendants.

McLEAN, *J.*, October 15, 1974—The above two cases were heard by a board of arbitrators, as provided by Allegheny County local Rule 301. The decision of the board was appealed to this court with the facts stipulated to by the parties.

George Monchak and his brother Edward were operating a partnership form of business known as Monchak Brothers. While operating said business, plaintiff, Crescent Consumer Discount Company, lent $2,520 to each brother in separate transactions, taking a security interest in certain household goods owned by each set of defendants as tenants by the entireties. In each case, the loan docu-

ments and security agreement were signed by the appropriate brother and his wife. The two separate security agreements were subsequently perfected by the filing of financing statements.

Subsequent to the perfection of plaintiff's security interest, each brother filed on the same date, March 27, 1973, a petition for bankruptcy, and, after appropriate proceedings, each was adjudged a bankrupt on May 15, 1973. Plaintiff was listed as a creditor on each Monchak brother's petition and the appropriate notice sent to plaintiff according to the provisions of the Bankruptcy Act. Plaintiff did not file objections to either Monchak brother's discharge in bankruptcy. We should note here that the Monchak wives were not parties to any bankruptcy proceedings. The balance due on each loan is $1,955.

For what follows, since the contentions of defendants in both lawsuits are the same, when we use the word "defendants" in its plural form, we will be referring to the individual defendants in only one of the lawsuits, and necessarily then, we will be referring to a husband and wife.

While the basic law of bankruptcy is Federal and is found in the Bankruptcy Act of July 1, 1898, 30 Stat. 544, as amended, 11 U.S.C. §11, et seq., to find the effect of the adjudication of bankruptcy in the instant case, we must look to State law governing tenancy by the entireties and secured transactions.

With respect to property owned by the entireties, Pennsylvania law is the same as it was under common law, that is, husband and wife holds property by the whole and not by the share: Young's Estate, 166 Pa. 645 (1895). In Pennsylvania, an estate by entireties may be created in both realty and personalty: McEwen Estate, 348 Pa. 23 (1943).

Thus, in Pennsylvania, neither husband nor wife may subject property owned by the entireties to payment of his or her individual debt. There is but one legal estate and an individual creditor acquires nothing during the existence of the estate: McGary v. Lewis, 384 Pa. 173 (1956).

Defendants' argument, which relies on Pennsylvania's definition of property owned by the entireties, paraphrases language used by the court in Reid v. Richardson, 304 F. 2d 351 (4 Cir., 1962), namely, that a discharge in bankruptcy releases bankrupt from both joint and several debts and bars rendition of a joint judgment against him and his non-bankrupt wife, and, after discharge, property held by the bankrupt and his wife as tenants by the entireties is not subject to joint claims against them. Like the Commissioner of Internal Revenue, we acquiesce to this statement of the law while at the same time noting that the Reid case involved an unsecured note.

Defendants next cite the definition of "discharge" found in the Bankruptcy Act at 11 U.S.C. §1(15), namely, that a "discharge" means the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act. Since the husband's debt was listed in his petition for bankruptcy and is not a debt excepted under 11 U.S.C. §35, defendants assert that the husband's debt to plaintiff was discharged. We agree. This is so even though, under the Federal Bankruptcy Code, property held by husband and wife as tenants by the entireties will not pass to the bankrupt estate for distribution to creditors in those cases when only the husband or only the wife is adjudicated a bankrupt. See Harris v. Manufacturers National Bank of Detroit, 457 F. 2d 631 (6 Cir., 1972).

Under the reasoning and law described above, are the defendants correct when they conclude that, after discharge in bankruptcy, there cannot be a joint judgment in personam against a bankrupt husband and his non-bankrupt wife with respect to property held by the entireties on which there is a valid, perfected security interest? The answer is a qualified no.

Under the instant facts, plaintiff has a perfected security interest in certain household goods owned by defendants as tenants by the entireties. "Security interest" is defined by section 1-201 (37) of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §1-201, as an interest in personal property or fixtures which secures payment or performance of an obligation. The lender-plaintiff in our case has a property interest in the household goods (collateral) which is secured through the vehicle of a written security agreement signed and agreed to by defendants. The perfection of that security interest, by filing prior to the date of bankruptcy, made the rights of the trustee in bankruptcy as given by the Bankruptcy Act subordinate to the rights of the plaintiff, who is the holder of the perfected security interest in the household goods. See Federal Bankruptcy Act section 70(c)(3), 11 U.S.C. §110, which gives the trustee in bankruptcy the status of a "hypothetical lien creditor" and U.C.C. §9-301(3), 12A P.S. §9-301, which includes the trustee in bankruptcy within the definition of "lien creditor."

We know from the earlier discussion that plaintiff here had no need to argue to the trustee in bankruptcy that its perfected security interest in the household goods gave it priority over other lien creditors, including the trustee, because the prop-

erty held by the entireties did not become part of the husband's bankrupt estate. We also know, from what was said above, that, although the entireties property was not part of the bankrupt estate, the husband-bankrupt could nevertheless be *discharged* from the *debt* for which plaintiff had taken a security interest on certain household goods. The discharge of the debt, however, did not affect plaintiff's security interest, for by signing the security agreement defendants gave plaintiff a *property right*, analogous to that held by a mortgagee or chattel mortgagee, which could be exercised on default of the loan. The discharge of defendant-husband's indebtedness on that loan did not take away the property right plaintiff had secured from defendants. Discharge in bankruptcy discharges liabilities but does not affect validly perfected security interests.

What relief can we give plaintiff? From the discussion above, it is obvious that we cannot give an individual judgment against defendant-husband whose debts were discharged in bankruptcy. We can, however, treat the assumpsit action as if it were an action of replevin without bond, and give a joint judgment in favor of plaintiff against the defendants *but only* to the extent of determining plaintiff's rights in the collateral on which it has a perfected security interest. The joint judgment would not permit plaintiff to execute on any entireties property other than the collateral described in the security agreement. Moreover, upon execution on the joint judgment, plaintiff does not have the option, described in the drafter's note to Pa.R.C.P. 1073, of issuing execution for the money value of the collateral because of the peculiar legal effects flowing from the husband's discharge in bankruptcy.

It is agreed that the wife defendant is fully liable on the plaintiff's claim.

## ORDER OF COURT

And now, October 15, 1974, it is ordered that judgment be entered in favor of plaintiff and against defendant Flora Monchak in the amount of $1,955, plus interest from November 8, 1973, in the amount of $107.53, for a total of $2,062.53.

It is further ordered that judgment, in like amount, be entered in favor of plaintiff and against both defendants, George Monchak and Flora Monchak, but said judgment is limited in use to enforce and foreclose on the perfected security interest obtained by plaintiff prior to March 27, 1973.