519 A.2d 378

**Jacqueline Victoria CLINGERMAN, Executrix of the Estate of Anna M. Sadowski, deceased, Appellee,**

v.

**William B. SADOWSKI, Appellant.**

Supreme Court of Pennsylvania.

Argued March 6, 1986.

Decided Dec. 16, 1986.

180

Ernest P. DeHaas, Coldren, DeHaas & Radcliffe, Union-
town, for appellant.

Bernard S. Shire, Shire & Bergstein, Monessen, David R.
Gold, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY,
McDERMOTT, HUTCHINSON, ZAPPALA and
PAPADAKOS, JJ.

OPINION OF THE COURT

NIX, Chief Justice.

The issue in this appeal is whether the death of a tenant
by the entireties, who has instituted an action for partition
of the entireties property, operates to terminate the action
and to vest the disputed property in the surviving tenant.

On October 14, 1981, appellee's decedent, Anna M. Sadow-
ski, filed a Complaint in Equity against appellant, William
B. Sadowski, seeking equal division of all assets held by
them as tenants by the entireties. The parties were mar-
ried in 1936 and separated in May of 1980, whereupon Mrs.
Sadowski left the marital residence to live with her daugh-
ter, Jacqueline Victoria Clingerman. In her complaint Mrs.
Sadowski alleged that without her knowledge or consent
appellant had in May of 1980 transferred their joint account
at Gallatin National Bank, containing a balance of $326,-
000.00, into an account in his name alone and that since that
time her husband had made substantial withdrawals from
the account, refusing Mrs. Sadowski any access to the

funds contained therein. Mrs. Sadowski further alleged that appellee had liquidated most of their model train collection,[1] worth approximately $500,000.00, and had secreted the money realized from the sale into a private account for his exclusive benefit, withholding the whereabouts of the unsold trains from Mrs. Sadowski.

Mrs. Sadowski asked the court to order appellant to account for all funds jointly owned by the parties, as well as for all cash, coins, art, furniture and furnishings which may have been sold or removed from the marital residence since May of 1980. She additionally sought a permanent injunction to restrain appellant from further depleting joint assets, and an equal division of all funds improperly transferred or converted by appellant along with all other property owned by them as tenants by the entireties.

■ Anna M. Sadowski died on May 16, 1982. The action was continued by her executrix, Jacqueline Victoria Clingerman,[2] appellee herein. Appellant subsequently moved for judgment on the pleadings on the grounds that the equity action had abated upon Mrs. Sadowski's death, and all the disputed property had passed to him as the surviving tenant by the entireties by operation of law. The motion was granted, and appellee's action was dismissed with prejudice. On appeal the Superior Court vacated and remanded, holding that appellee would be allowed to proceed as plaintiff and prosecute the equity action. 335 Pa.Super. 514, 485 A.2d 11. Appellant filed a petition for review which we granted in order to consider the question whether the death of a tenant by the entireties who has instituted an action in partition of the entireties property results in the abatement of the action and the passing to the surviving spouse of unrestricted title to the property. For the reasons which follow we hold that it does not.

1. The complaint stated that during their marriage the parties had conducted a business in their extensive train collection, buying and selling them on a regular basis.

2. Pa.R.C.P. Nos. 2351 to 2354 provide for the substitution of the personal representative of a deceased party in a pending action.

A tenancy by the entireties is a unique form of co-ownership grounded in the common law concept that husband and wife were but one legal entity. *Ladner on Conveyancing in Pennsylvania*, § 1.08 (4th ed. 1979). It exists when property, either real or personal,[3] is held jointly by a husband and wife, with its essential characteristic being that each spouse is seised of the whole or the entirety and not a divisible part thereof. *In re Gallagher's Estate*, 352 Pa. 476, 43 A.2d 132 (1945). Neither spouse in a tenancy by the entireties may independently appropriate property to his or her own use to the exclusion of the other, *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966); *Berhalter v. Berhalter*, 315 Pa. 225, 173 A. 172 (1934), and neither spouse, acting independently, may sever the estate by, for example, conveying part of the property away. *Backus v. Backus*, 464 Pa. 380, 346 A.2d 790 (1975); *Del Borrello v. Lauletta*, 455 Pa. 350, 317 A.2d 254 (1974).

A tenancy by the entireties is also characterized by the right of survivorship; upon the death of one spouse the survivor becomes the sole owner of the entireties property. *In re Holmes Estate*, 414 Pa. 403, 200 A.2d 745 (1964); *Teats v. Anderson*, 358 Pa. 523, 58 A.2d 31 (1946); *Porobenski v. American Alliance Insurance Co.*, 317 Pa. 410, 176 A. 205 (1935).

Because a tenancy by the entireties is grounded in the unity of the marital relationship, it can be severed only in certain limited circumstances. It is, of course, terminated upon the death of one of the co-tenants. During the parties' lifetimes it may be severed by: a joint conveyance of the estate, *Biehl v. Martin*, 236 Pa. 519, 84 A. 953 (1912); divorce, 68 P.S. § 501; or mutual agreement, either express, *In re Prichard*, 359 Pa. 315, 59 A.2d 101 (1948), or

---

**3.** We have held in several cases that personal property can be owned by husband and wife as tenants by the entireties. *See DiFlorido v. DiFlorido*, 459 Pa. 641, 331 A.2d 174 (1975) (household possessions); *Cohen v. Goldberg*, 431 Pa. 192, 244 A.2d 763 (1968) (bank account); *In re Holmes' Estate*, 414 Pa. 403, 200 A.2d 745 (1964) (stocks); *McEwen's Estate*, 348 Pa. 23, 33 A.2d 14 (1943) (a beneficial interest in a trust).

implied, *In re Brose's Estate*, 416 Pa. 386, 206 A.2d 301 (1965). An implied mutual agreement to terminate a tenancy by the entireties was first recognized by this Court in *Berhalter v. Berhalter, supra.* In that case we concluded that the action of a wife, separated from her husband, in withdrawing substantial funds from their entireties bank account without her husband's knowledge for the purpose of moving to France was tantamount to an offer by her to the husband to destroy the entireties account. The husband's subsequent institution of suit for division of the fund constituted an acceptance of the offer. In *Steminski v. Steminski*, 403 Pa. 38, 169 A.2d 51 (1961), where an estranged wife brought an action for an accounting against her husband on the basis that he had wrongfully appropriated to his own use jointly owned bonds and bank accounts, this Court stated:

A violation of the rules by one spouse's appropriating the property to his own use works a revocation of the estate [by the entireties] by the fiction of appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit; *the property is then fit for accounting and division.*

*Id.*, 403 Pa. at 42, 169 A.2d at 53 (Emphasis added).

In later cases we have reaffirmed the concept of an implied agreement to terminate a tenancy by the entireties resulting from a misappropriation of entireties property, such misappropriation consisting of an appropriation of entireties property for one co-tenant's exclusive use without the consent of the other co-tenant, followed by a suit for partition brought by the injured party. *Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976); *Cohen v. Goldberg*, 431 Pa. 192, 244 A.2d 763 (1968); *Reifschneider v. Reifschneider*, 413 Pa. 342, 196 A.2d 324 (1964). We have also found that an implied agreement to partition exists where there has been an *exclusion* from the exercise or enjoyment of entireties property. *Backus v. Backus*, 464 Pa. 380, 346 A.2d 790 (1975); *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d

164 (1966); *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 153 A.2d 901 (1959).

The essential issue in the case *sub judice* is the status of the entireties estate at the time of Mrs. Sadowski's death. Appellee makes the following argument: The tenancy by the entireties was terminated when Mrs. Sadowski filed the action for partition because it was at that point that the offer, signified by appellant's alleged misappropriation of entireties property, was accepted by Mrs. Sadowski. *See Shoup v. Shoup, supra; Cohen v. Goldberg, supra; Berhalter v. Berhalter, supra.* Mrs. Sadowski was therefore entitled to partition of the entireties property prior to her death and, the tenancy having been severed, the entireties property did not pass to appellant upon her death. The partition action would accordingly survive.

Appellant's response is that a tenancy by the entireties is not terminated upon the filing of the complaint for partition, but only upon a final *judgment* of partition. He argues that since his alleged misappropriation has not been proven, to hold that the estate was terminated upon his wife's filing of the complaint would be allowing her unilateral act, the filing of the complaint, to sever the estate. Case law is clear that a tenancy by the entireties cannot be severed by one party's unilateral action. Appellant contends that since his wife's death intervened before her allegation of wrongful misappropriation could be judicially determined, at the time of his wife's death he was seised of a tenancy by the entireties which, by operation of the right of survivorship, became his alone. The tenancy was terminated at that point and the partition action therefore did not survive.[4]

4. Superior Court agreed that it would be premature to hold that the entireties estate had been terminated upon the filing of the complaint, but the court concluded that it did not follow that the partition action did not survive. Superior Court held that "the sound and equitable approach" was to allow Mrs. Sadowski's personal representative to prosecute the equity action until the issue of misappropriation was decided.

We agree with appellant's contention that it would be premature to hold that the tenancy by the entireties terminated upon the filing of the equity action seeking, *inter alia*, partition. However, we cannot agree with appellant's conclusion that he was therefore seised of a tenancy by the entireties at the time of his wife's death at which point, pursuant to operation of law, all entireties property passed to him.

■ The difficulty with the case *sub judice* is that it is not known what type of estate existed when Mrs. Sadowski died. It is clear that, for purposes of this case, the tenancy by the entireties would have terminated upon the occurrence of two things: a misappropriation and a corresponding request for partition. In the instant case we have the request for partition, containing an allegation of misappropriation, but we do not know if the misappropriation in fact occurred. We hold that under such circumstances, which raise a serious question as to whether the tenancy by the entireties was severed, the only correct result is to allow the action to continue in order to judicially determine whether the alleged misappropriation actually occurred.[5] If it did, there would have been an implied offer to terminate, accepted by the filing of the partition action, the entireties estate would have been severed, and partition would be warrant-

5. On other occasions this Court has decided that it was appropriate to determine, *after* the death of a co-tenant, the precise status of a tenancy by the entireties. *See In re Holmes' Estate,* 414 Pa. 403, 200 A.2d 745 (1964) (action of deceased husband in surrendering stock certificates owned by him and his wife and causing new certificates to be issued in the names of himself and two nephews had not severed the estate by the entireties); *In re Brose's Estate,* 416 Pa. 386, 206 A.2d 301 (1965) (wife's action in withdrawing substantial funds from entireties bank accounts on date she left the marital residence, followed by both spouses' withdrawals of various amounts from various accounts before husband's death a few months later, evidenced a mutual intent to sever the tenancy by the entireties which was accordingly terminated as of date of first withdrawal). *See also Estate of Eyer,* 455 Pa. 369, 317 A.2d 203 (1974) and *Estate of Allen,* 488 Pa. 415, 412 A.2d 833 (1980), which are judicial determinations, made after a co-tenant's death, that actions occurring *before* the death caused a joint tenancy to terminate.

ed.[6]   Should no misappropriation be found, there would be no implied agreement to terminate since there would have been no offer.   A tenancy by the entireties would have existed at Mrs. Sadowski's death, upon which event all entireties property would have been automatically vested in appellant as surviving spouse.

Appellant relies strongly upon *Sheridan v. Lucey*, 395 Pa. 306, 149 A.2d 444 (1959), for his contention that the action did not survive, but we find the case is not controlling.   In *Sheridan* one of three joint tenants with the right of survivorship in real estate filed an action to partition the property but died prior to the close of pleadings, whereupon his personal representative was substituted as plaintiff. One of the defendants filed a motion for judgment on the pleadings, alleging that upon the death of the plaintiff the partition action abated because plaintiff's property had thereupon passed to the surviving defendants by operation of law.   The trial court agreed and dismissed the action. This court affirmed, holding that the mere filing of an action in partition, without more, was insufficient to sever the joint tenancy and the partition action accordingly abated upon plaintiff's death.

Appellant argues under *Sheridan* that since the filing of a partition action does not operate to sever a joint tenancy it cannot operate to sever a tenancy by the entireties, which is

6.   The relief prayed for in the complaint herein was for partition of all entireties property, regardless of whether or not a misappropriation had occurred as to the particular items.   The question whether, if misappropriation is proven, appellee is entitled to partition of *all* entireties property or only the particular property where misappropriation actually occurred has not been briefed to this Court, and we will not decide the issue at this juncture.   We point out that in *Steminski v. Steminski*, 403 Pa. 38, 42, 169 A.2d 51, 53 (1961), it was stated in dicta that where there had been a misappropriation of any portion of property held by tenants by the entireties, all entireties property was subject to partition, not merely the unit which had been improperly treated.   However, in *Reifshneider v. Reifschneider*, 413 Pa. 342, 347, 196 A.2d 324, 327 (1964), we found that although partition was warranted as to proceeds from bonds because misappropriation had occurred with respect to the bonds, partition was not warranted as to certain real property because there had been no wrongful exclusion from the enjoyment of the realty.

an even stronger estate of co-ownership than joint tenancy. However, an examination of the reasoning behind *Sheridan* reveals why the case is not controlling. Unlike a tenancy by the entireties, a joint tenancy can be severed by a unilateral act of one of the parties, so long as the act clearly and unequivocally signifies an intent to sever. *See Estate of Eyer*, 455 Pa. 369, 317 A.2d 203 (1974) (niece's secret transfer of funds in a joint-tenancy savings account with aunt to a new account with husband constituted a severance of the account); *Estate of Allen*, 488 Pa. 415, 412 A.2d 833 (1980) (son's surreptitious withdrawal of funds from an account held jointly with now deceased father terminated the joint tenancy and created a tenancy in common). In *Sheridan* we determined that the filing of an action to partition was insufficient to effect a severance of the joint tenancy because the filing did not represent a clear and unequivocal intention to sever, *i.e.*, the plaintiff could always have withdrawn the petition.

■ The instant case involves a tenancy by the entireties and a more exacting test to determine whether severance has occurred. It is the two-part test of an offer, consisting of a misappropriation, and an acceptance, consisting of the filing of an action to partition. In this test we do not focus solely upon the filing of the action to partition but instead upon whether the *two* elements occurred. If the misappropriation took place, the filing of the action to partition is sufficient to constitute an acceptance of the offer to terminate and is a consummation of the implied agreement. In this instance it is not a question whether the action in partition was an unequivocal act, but rather whether there was in fact a misappropriation which constituted the offer. *Sheridan*, dealing solely with the question whether the unilateral action of filing a complaint to partition represented sufficient certainty of intent to sever the joint tenancy, does not control the instant case.

■ Appellant also argues that Superior Court's decision to allow the partition action to survive was inconsistent with its prior decision in *Haviland v. Haviland*, 333 Pa.Super.

162, 481 A.2d 1355 (1984), where the court held that a divorce action does not survive the death of one of the parties. We find no such inconsistency. The primary object of a suit for divorce is personal, that is, to change the relation of the parties to each other. In the case of the death of either party that object can no longer be achieved, the marital relation having been terminated by death. The divorce action also terminates since the court can no longer decree a divorce between the parties. *See Upperman v. Upperman,* 119 Pa.Super. 341, 181 A. 252 (1935). A partition action is different since it is not seeking to change the personal relationship of living parties, but only to determine if certain events have occurred which warrant division of jointly owned property. There is no reason why that issue cannot be determined after the death of one of the co-owners.

Our result in the instant case, holding that the action for partition survives, is further bolstered by 42 Pa.C.S. § 8302, which provides:

> All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants.

We have previously determined that the predecessor statute to § 8302, 20 P.S. § 320.601,[7] was procedural and did not provide for a cause of action to survive when the right was extinguished by death and the operation of law. In *Sheridan v. Lucey, supra,* we stated that the partition action did not survive because the joint tenancy was severed at death and all of plaintiff's property passed to the surviving joint tenants. In the instant case we have determined that the entireties property did not automatically pass to appellant upon the death of appellee's decedent; therefore, the parti-

---

7. The language of 20 P.S. § 320.601 was almost identical to that of 42 Pa.C.S. § 8302, the only major difference being that section 320.601 provided that actions for libel and slander would not survive death. That restriction was removed in the current statute in accordance with this Court's decision in *Moyer v. Phillips,* 462 Pa. 395, 341 A.2d 441 (1975).

tion action was not extinguished by operation of law. There is thus no reason in the instant case to depart from the language of section 8302.

Our decision today is merely a recognition that the controlling events which will determine the outcome of this lawsuit occurred prior to the death of the wife. Thus we are here concerned with the determination of the status of the estate prior to the moment of the death of the wife. The fortuitous timing of the demise of one of the spouses should not be permitted to prevent the executrix from establishing the true nature of the property as it existed before the death. If the tenancy by the entireties was in fact extinguished prior to the death of the wife, her estate is entitled to her interest in that property. Since we are here concerned with operative facts which are alleged to have occurred prior to death, the action appropriately survives under § 8302. *See* 42 Pa.C.S. § 8302.

The order of Superior Court vacating the trial court's order and allowing the equity action to proceed is hereby affirmed.

McDERMOTT, J., joins in this opinion and files a concurring opinion.

LARSEN and HUTCHINSON, JJ., file a concurring opinion.

LARSEN, Justice, concurring.

Although I concur in the conclusion reached by the majority today, I believe that it is time that we abandon the legal fiction of offer and acceptance with respect to the destruction of an entireties interest in property, particularly where, as here, misconduct has been alleged on the part of a surviving spouse who stood to gain handsomely had his wife not lived to bring suit against him. Further, I would hold unequivocally that *all* of the property held by the entireties is subject to partition at the option of the innocent spouse, regardless of whether or not the misappropriation

occurred only as to particular items. *See* maj. op. at 187 n. 6.

The concept of a tenancy by the entireties is supported by a strong policy which serves to prevent harm to a spouse who does not join in a conveyance of entireties property and to preserve entireties assets from the creditors of one spouse who incurs bad debts. The rationale underlying that policy, however, ceases to operate when the innocent spouse is or would be prejudiced by the continuing existence of the tenancy. To forestall any prejudice to the interests of an innocent spouse, therefore, I would hold that once a wrongdoer acts in a manner which is inconsistent with the continuing viability of a tenancy by the entireties, the entireties interest of the parties may be severed at the option of the innocent spouse or his or her heirs regardless of whether the innocent spouse has legally manifested "acceptance" of the other's "offer." This position, however, is in no way intended to change existing law which prohibits the accrual of benefits to a wrongdoer or his or her heirs and assigns attendant upon severance of the estate. Hence, the entireties interest would be terminated only as to the innocent spouse and at his or her option. In this way, should the wrongdoer die during pendency of an action in partition, no benefits could flow to the wrongdoer's creditors or estate.

In addition, I find the dicta of *Stemniski v. Stemniski,* 403 Pa. 38, 169 A.2d 51 (1961), persuasive with regard to severance of the entireties interest in *all* property held by the parties, and not "merely the unit that has been improperly drawn upon." *Id.,* 403 Pa. at 42, 169 A.2d at 53. This rule was devised to protect an innocent spouse from further diversion of assets from jointly held accounts, once the wrongdoer has demonstrated his or her proclivity to destroy the unities of entireties ownership. The option to terminate the entireties interest as to some or all of the entireties property would rest with the innocent spouse or personal representative.

For the foregoing reasons, I concur in the result of the majority.

McDERMOTT, Justice, concurring.

I join the majority opinion and note my belief that the analysis employed here may be expandable to include divorce and joint tenancy proceedings.

HUTCHINSON, Justice, concurring.

I concur in the result. I agree with Mr. Justice McDermott that the analysis used by the majority logically applies to joint tenancies and equitable distributions in divorce proceedings as well as tenancies by the entireties. I would, therefore, overrule *Sheridan v. Lucey*, 395 Pa. 306, 149 A.2d 444 (1959), as wrongly decided.