596 A.2d 1230

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**ONE 1988 TOYOTA TRUCK, Seized from Robert Arnold, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Aug. 16, 1991.

Reargument Denied Oct. 4, 1991.

64

George S. Leone, Asst. Dist. Atty., for appellant.

No appearance for appellee.

Before CRAIG, President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Commonwealth of Pennsylvania appeals from an order of the Court of Common Pleas of Philadelphia County denying its petition for forfeiture and granting the petition of Robert and Debra Arnold for return of property. We affirm.

Robert used a 1988 Toyota truck, titled in his name and in the name of Debra Arnold, his wife, as tenants by the entireties, to transport a quantity of cocaine. Robert was stopped for speeding. At the time Robert was providing the police officer with his license and registration, the officer noticed a clear plastic baggie containing a white substance protruding from Robert's left shirt pocket. The baggie was later found to contain 6.62 grams of cocaine. The Commonwealth charged Robert with possession of a controlled substance and he was subsequently admitted to the Accelerated Rehabilitative Disposition Program.

The Commonwealth filed a petition for forfeiture of the Toyota truck pursuant to the Controlled Substances Forfeiture Act (Act), 42 Pa.C.S. §§ 6801–6802. In response, Robert and Debra filed a petition for the return of the truck, asserting that they were owners as tenants by the entireties.

At the hearing Debra testified that she was married to Robert, that this was the first time she was aware of Robert's drug activities, and that she was a co-owner of the truck with Robert, as evidenced by a Maryland certificate of title. She also claimed that the truck had been purchased for her use, although she did indicate on cross-examination that she also owned another truck and a car.

The trial court determined that although the truck had been used to facilitate the purchase and transfer of cocaine, it would not order the forfeiture of the truck because it was held in a tenancy by the entireties. The trial court ordered that the truck be returned to Debra. The Commonwealth appealed to this Court.

The issue presented on appeal is whether the trial court's refusal to order the forfeiture of the truck owned by Robert and Debra Arnold as tenants by the entireties when used to transport cocaine violates the language and intent of the Act.

Section 6801 of the Act provides, in pertinent part that: The following shall be subject to forfeiture to the Commonwealth and no property rights shall exist in them:

. . . .

(4) All conveyances, including air craft, vehicles or vessels, which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of, property described in paragraph (1) or (2), [controlled substances] except that:

. . . .

[ii] no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent, which absence of knowledge or consent must be reasonable under the circumstances presented.

The Commonwealth's requested relief would have this court divide Robert's and Debra's interests in the truck through a sale, with Robert's share being forfeited and Debra's share being returned to her under the innocent owners provision of the Act. *Id.* This requested relief sets up a conflict between the language and intent of the Act and the common law concept of a tenancy by the entireties.

The Commonwealth in its brief provided citations to numerous cases interpreting forfeiture statutes similar to the one at issue here, all having the intent and purpose to further punish and deter violations of underlying criminal statutes involving the illegal use of controlled substances, and to render such activity unprofitable. *See, e.g., Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

■ The Commonwealth also points out that Section 6802 of the Act states that forfeiture proceedings "shall be in rem." Clearly, actions classified as in rem are ones taken directly against the property. *Mid–City Bank and Trust Co. v. Myers,* 343 Pa. 465, 23 A.2d 420 (1942). The objective of an in rem action is the disposition of the property without reference to the titles of individual claimants. *Id.* Upon this basis alone the truck at issue here could be forfeited.

The legislature, however, deemed it important to include an innocent owner provision. So long as the owner establishes that the act giving rise to the forfeiture action was committed without his or her knowledge or consent, the forfeiture cannot be upheld. The trial court here determined that Debra was an innocent owner.

■ Next we must examine Debra's innocent owner status in relation to her ownership interest in the truck. Debra's ownership interest is as a tenant by the entireties.

A tenancy by the entireties is a unique form of co-ownership grounded in the common law concept that husband and wife were but one legal entity. ... It exists when property, either real or personal, is held jointly by a husband and wife, with its essential characteristic being

that each spouse is seized of the whole or the entirety and not a divisible part thereof. ... Neither spouse in a tenancy by the entireties may independently appropriate property to his or her own use to the exclusion of the other, ... and neither spouse, acting independently, may sever the estate by, for example, conveying part of the property away.

*Clingerman v. Sadowski*, 513 Pa. 179, 183, 519 A.2d 378, 380–81 (1986) (citations and footnote omitted).

■ The *Clingerman* court further explained that a tenancy by the entireties can only be severed in certain limited circumstances. One such circumstance is death. However, "[d]uring the parties' lifetimes it may be severed by: a joint conveyance of the estate, ... divorce, ... or mutual agreement, either express, ... or implied,...." *Id.*, 513 Pa. at 183–84, 519 A.2d at 381 (citations omitted).

With this understanding of what an interest in property held as a tenancy by the entireties entails, we hold that the trial court could not destroy the tenancy in a forfeiture action without changing the basic nature of the interest held by the parties.

■ Although we do recognize an implied agreement to terminate a tenancy of the entireties when one spouse misappropriates entireties property for his or her exclusive use without the consent of the other co-tenant, that is not the situation here. *Id.* Where there is a misappropriation the injured party seeks a partition, setting up the fiction that the misappropriation is an offer and the filing of the suit for partition is the acceptance. *Id.* Under the facts in this forfeiture scenario, we could consider Robert's actions as a misappropriation of the entireties property. However, Debra's actions do not in any way indicate a desire on her part to destroy the tenancy.

A search for case law interpreting the Pennsylvania Forfeiture Act as it relates to property held in a tenancy by the entireties reveals only one Bucks County case. *Commonwealth v. 6066 Buckingham Dr.*, 3 Pa.D & C 4th 435 (1989),

affirmed, 402 Pa.Superior Ct. 659, 578 A.2d 40 (1990). The trial court held that real property owned by a common-law husband and wife as tenants by the entireties could not be forfeited under the Act where the husband was not engaged in the unlawful activity and lacked knowledge of the unlawful use of the premises. *Id.* The Superior Court in an unpublished opinion affirmed.

Of course, the *Buckingham* case is instructive only, and does not set precedent for this Court. However, we agree with the analysis. The legislature chose to include an innocent owner provision in the Act and when the innocent spouse meets his or her burden of proof as to a lack of knowledge of the unlawful use of the property, forfeiture will not be ordered.

Accordingly, we affirm.

## ORDER

AND NOW, this 16th day of August, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

COLLINS, J., dissents.