**UNIT, INC.,** a Texas corporation, as the General Partner of Three Hundred Delaware Avenue Associates, a Texas limited partnership, Plaintiff,

v.

The **CITY OF WILMINGTON,** a Municipal corporation of the State of Delaware, Defendant.

Superior Court of Delaware, New Castle.

June 9, 1972.

Vincent A. Theisen, and John G. Mulford, of Theisen, Lank & Kelleher, Wilmington, for plaintiff.

Clement C. Wood, Asst. City Sol., for defendant.

## OPINION

CHRISTIE, Judge.

In this proceeding plaintiff seeks a declaratory judgment exempting the conveyance of property known as 300 Delaware Avenue from the real estate transfer tax of the City of Wilmington. Plaintiff, Unit, Inc., is a general partner of 300 Delaware Avenue Associates (Associates), a limited partnership on whose behalf this suit is brought. At all pertinent times, plaintiff was the owner of the subject premises, which were acquired for the purpose of constructing the building presently occupied by the Bank of Delaware. One of the terms of the mortgage commitment called for a rate of interest exceeding that which could lawfully be charged a limited partnership under the usury statutes of Delaware, but which could lawfully be charged to a corporation. To cope with this situation plaintiff caused the incorporation of 300 Delaware Avenue, Inc., a straw corporation, which could create a permanent mortgage on the property satisfactory to the Equitable Life Insurance Society of the United States. The premises were then conveyed to the straw corporation in a transaction conceded to be exempt from the Wilmington realty transfer tax.

The plaintiff now seeks a declaratory judgment that a contemplated reconveyance of the property to the true owner, Associates, is also exempt from the transfer tax under the pertinent Wilmington ordinance. In the alternative, the constitutionality of the ordinance is challenged under both the Delaware and the United States Constitutions.

The Wilmington ordinance (Section 30–4 of the Wilmington City Code) reads in pertinent part as follows:

Sec. 30–4. Levy of tax; exemptions.

(a) Every person who makes, executes, issues or delivers any document, or in whose behalf any document is made, executed, issued or delivered, shall pay therefor and in respect thereof, or for and in respect of the vellum, parchment or paper upon which such document is written or printed, a tax at the rate of one per cent of the value of the property represented by such document, which tax shall be payable at the time of the making, execution, issuance or delivery of such document; provided, however, no more than one per cent tax shall be levied on any single transfer of property.

(b) Where a person acquires title to any lands, tenements or hereditaments as a nominee or as a straw party for the real grantee or purchaser, the transfer of such title by such nominee or straw party to the real grantee or purchaser shall be exempt from this tax.

(c) Where a person acquires title to any lands, tenements or hereditaments for the purpose of holding same as a nominee or as a straw party for the grantor, such transfer of title to the nominee or straw party shall be exempt from this tax.

The determinative issue is whether or not under the express terms of Wilmington ordinance a "round trip" straw conveyance where the beneficial interest remains at all times with the same "real owner" involves a taxable transfer.

Basically the ordinance is clear and simple. Subsection (a) makes it clear that all transfers are subject to tax unless otherwise provided. Subsection (b) exempts transfers by certain straw parties to the "real grantee or purchaser" and Subsection (c) exempts transfers to certain straw parties from the real grantor.

■ Since a transfer to the straw party here involved is exempt under Subsection (c) and a transfer by the straw party here involved is exempt under Subsection (b), the "round trip" is tax exempt. The use of one exemption under Subsection (c) which the City admits is proper, does not preclude the use of the other equally clear exemption under Subsection (b).

It is contended by Wilmington that the exemptions of (b) and (c) cannot be applied to the same "round trip" straw transaction. In this transaction the City contends that the second deed of the "round trip" straw transaction is taxable. In an earlier transaction the City contended that the first deed of such transaction is taxable. I am of the opinion that the City's interpretation strains the language of its ordinance and is erroneous.

The State of Delaware has a somewhat similar statute and it concedes that "round trip" straw transactions of the type here involved are entirely exempt from State realty transfer taxes. See 30 Del.Code § 5401 et seq. See also 72 Purdon's Penn. Statutes § 3283 et seq.; Sablosky v. Messner, 372 Pa. 47, 92 A.2d 411 (1952).

There is one difficulty which might be raised with the interpretation of the statute under which I have held that the ordinance provides for a tax exemption as to both legs of a "round trip" straw party transaction. It might be contended that a "pass through" transfer where a beneficial or real interest passes through a straw party to a real grantee or purchaser would also by the same reasoning be tax exempt since the transfer to a straw party and the transfer by a straw party appear to both be exempt. Such an interpretation, if applied to a transaction which results in a real transfer of a beneficial interest, would thwart the basic purpose of the transfer tax. This result, however, is not indicated by the wording of the City ordinance since only certain specified straw parties may make transfers which are exempt and there is language which makes this clear.

■ A careful reading of Subsection (b) indicates that only where the straw party is acting as such for the grantee or purchaser is the transfer by such straw party to the grantee or purchaser exempt. Under Subsection (c) only where the straw party is acting as such for the grantor is the transfer to the straw party tax exempt. These dual conditions are met only when the "real grantor" and the "real grantee" are one and the same person so that the straw party is acting for a single entity which is both the "real grantor" and the "real grantee" all at the same time. The straw party cannot be a straw party as to both deeds in a "pass through" straw party transaction since in one of these transactions there is a real transfer of a beneficial interest and the so-called straw party, though it may have no interest of its own in the real estate, is not such straw party as is specified in the statute as being capable of both receiving and conveying a tax

exempt title under the ordinance. In "pass through" transactions the straw party can be straw party to only one master. Thus, both legs of "round trip" straw transactions where the real interest in the property never changes are tax exempt but one leg of a "pass through" straw transaction where a beneficial interest does change is subject under the ordinance to a transfer tax. On "pass through" straw transactions the tax is imposed on that transfer which passes a beneficial interest from a grantor or the grantor's designated straw party to the grantee or to the grantee's designated straw party.

Declaratory judgment will be entered declaring the transfers here involved to be exempt from the Wilmington realty transfer tax.