**EXTON PLAZA ASSOCIATES,**
Petitioner,

v.

**COMMONWEALTH of Pennsylvania,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 2000.

Decided Nov. 17, 2000.

Stuart J. Polkowitz, Roseland, NJ, for petitioner.

Ronald H. Skubecz, Harrisburg, for respondent.

Before DOYLE, President Judge, and COLINS, Judge, McGINLEY, Judge, SMITH, Judge, FRIEDMAN, Judge, KELLEY, Judge, LEADBETTER, Judge.

COLINS, Judge.

Exton Plaza Associates (Taxpayer) petitions for review of the order of the Board of Finance and Revenue (Board) sustaining the Department of Revenue's imposi-

tion of realty transfer tax in the amount of $54,465.84 on the conveyance of a shopping center from Exton Plaza Associates, a general partnership, to Exton Plaza Associates, a limited partnership having the same principals and the same business address.

The following facts are stipulated. In 1976, Exton Plaza Associates, the general partnership, acquired title to the shopping center located at 260 Pottstown Pike, West Whiteland Township. The general partnership was at all times owned 50 percent by Joseph A. Flotteron, Jr. and 50 percent by Roger and Rosalind S. Whyman, and the shopping center was its sole asset. In December 1995, as part of a plan to refinance the shopping center mortgage, John Hancock Real Estate Finance issued a commitment letter with the provision that the general partnership become a "single purpose and bankruptcy remote entity," which does not include a general partnership. In order to consummate the refinancing, the general partnership converted itself into a limited partnership of the same name, owned 49.5 percent each by its limited partners, Flotteron and the Whymans, and 1 percent by its general partner, Exton Plaza G.P., LLC.[1] Exton Plaza G.P., LLC was organized under Florida law, and all times, Flotteron and the Whymans each own a 50 percent interest. Considering all of the interests, ownership in the limited partnership, like the general partnership, remains 50 percent each by Flotteron and the Whymans.

On December 28, 1995, at the closing on the mortgage refinancing, the general partnership executed a deed transferring the shopping center to the limited partnership. The deed, recorded in Chester County on January 4, 2000, recited a consideration of $1.00. The statement of value indicated a county assessed value of $343,200, a common level ratio factor of 15.87, and a fair market value of $5,446,584. It claimed an exemption from realty transfer tax of 100 percent and bore the notation, "Principals of grantor and grantee are one and the same."

On October 11, 1996, the Department of Revenue issued a notice imposing realty transfer tax in the amount of $54,465.84 plus interest and stating that transfers between partnerships are fully taxable. The Board of Appeals denied the limited partnership's request for redetermination, and the Board of Finance and Revenue (Board) denied its petition for review. Framing the issue as whether "a transfer from a general partnership to a limited partnership [is] subject to the imposition of realty transfer tax[,]" the Board concluded that the transfer in this case was fully taxable. In support of its decision, the Board noted 1) that the Limited Partnership's partnership agreement[2] states that it shall hold itself out as a legal entity separate and distinct from any other and 2) that under Pennsylvania law partnerships are entities separate from their partners. The Board rejected the Taxpayer's reliance on a private letter ruling issued to another taxpayer in 1995 in which it ruled that a conversion of a real estate company from a general partnership to a limited partnership was not subject to realty transfer tax.

On appeal,[3] the Taxpayer argues first, that the transfer tax does not apply in this case because the deed represents not a transfer but rather a name change or change in the form of the entity; in the

---

1. The commitment letter prohibited individuals Flotteron and Whyman from serving as general partner.

2. The partnership agreement is not of record before this Court.

3. Appeals to this Court from Board of Finance and Revenue decisions are heard de novo, based on the record created before this Court or on stipulated facts. Pa. R.A.P. 1571(h). The Taxpayer correctly notes that tax statutes must be strictly construed against the Commonwealth and any reasonable doubts as to its application to a particular case must be resolved in favor of the taxpayer. 1 Pa.C.S. § 1928(b)(3).

alternative, it argues that the transaction is an excluded transaction as a transfer for nominal consideration between a principal and agent or straw party. Second, the Taxpayer argues that application of the tax in this case would constitute double taxation and violates the constitutional requirement of uniformity of taxation upon the same class of subjects.

■ The Realty Transfer Tax Act (Act) [4] provides as follows:

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or᾽ presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, ... a State tax at the rate of one percent of the value of the real estate represented by such document, which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document or within thirty days of becoming an acquired company.

Section 1102–C of the Act, 72 P.S. § 8102–C. The realty transfer tax is a tax upon the transaction, the transfer of title to real estate as evidenced by a document that is presented to be recorded.[5] *Sablosky v. Messner,* 372 Pa. 47, 92 A.2d 411 (1952); *Commonwealth v. Willson Products, Inc.,* 412 Pa. 78, 194 A.2d 162 (1963); *Comach Construction, Inc. v. City of Allentown,* 159 Pa.Cmwlth. 605, 633 A.2d 1336 (1993), *petition for allowance of appeal denied,* 539 Pa. 682, 652 A.2d 1327 (1994); *Wilson Partners, L.P. v. Common-*

*wealth,* 723 A.2d 1079 (Pa.Cmwlth.), *affirmed,* 558 Pa. 462, 737 A.2d 1215 (1999), *cert. denied,* 528 U.S. 1159, 120 S.Ct. 1171, 145 L.Ed.2d 1180 (2000).

■ In support of its initial argument, the Taxpayer argues that imposition of the realty transfer tax in this case contravenes the intent, spirit, and language of the Act. It argues that the deed in this case does not meet the statutory definition of "document" because it did not convey an interest in the shopping center to someone other than the grantor; that is, the deed accomplished nothing more than recording a name change after a reorganization from a general partnership to a limited partnership. The deed did not effect a meaningful transfer of title. We agree.

■ Although no case is directly on point, it has long been held that the Act is not intended to tax all transfers of realty, only those transactions that effect a real transfer of interest in realty conveyed through the medium of a "document"; that is, transfers in which the interest is passing to a person or persons other than the grantor. *Commonwealth v. Passell,* 422 Pa. 473, 223 A.2d 24 (1966); *Baehr Brothers v. Commonwealth,* 487 Pa. 233, 409 A.2d 326 (1979). We agree with the Commonwealth's general statement that transfers between partnerships are fully taxable, as are transfers between partnerships and their partners or members, unless the transaction is excluded;[6] however, the first inquiry must be whether the deed affects a real transfer of an interest in property to someone other than the grantor.

---

4. Sections 1101–C to 1113–C of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* added by the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. §§ 8101–C–8113–C. The Act of May 5, 1981 repealed the predecessor realty transfer tax act, which was reported at 72 P.S. §§ 3283–3292. The imposition of the tax in the current act remains essentially the same as under the predecessor act.

5. "Document" as it is used in the Act, refers to "[a]ny deed, instrument or writing which

conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate...." Section 1101–C of the Act, 72 P.S. § 8101–C.

6. *See* 61 Pa.Code § 91.154 (documents involving corporations, partnerships, limited partnerships and other associations); Section 1102–C.3 of the Act, added by Section 11 of the Act of July 2, 1986, P.L. 318, 72 P.S. § 8102–C.3, and 61 Pa.Code § 91.193 (excluded transactions).

In this context, the stipulated facts tell us that the general partnership "converted" to the limited partnership, transferring a 1 percent interest to a limited liability company as the general partner. Regardless of the details of how this "conversion" was accomplished, the shopping center was essentially "contributed" to the Limited Partnership, and the principals' property rights in the shopping center remain essentially unchanged. The execution of the deed transferring the shopping center merely memorialized the conversion from a general partnership to a limited partnership.

Our conclusion—that the deed in this case does not effect a transfer of a beneficial interest in the shopping center to someone other than the grantor-is most analogous to the exclusion for a correctional or confirmatory deed that does not change the beneficial interest in the property.[7]

■ We reject the Taxpayer's alternative argument that the transfer is a nontaxable transfer between principal and straw party. Section 1102–C.3(11) of the Act, 72 P.S. § 8102–C.3(11), provides that the realty transfer tax shall not be imposed on

    (11) a transfer:

    (i) for no or nominal actual consideration between principal and agent or straw party; or

    (ii) from or to an agent or straw party where, if the agent or straw party were his principal, no tax would be imposed under this article.

Where the document by which title is acquired by a grantee or statement of value fails to set forth that the property was acquired by the grantee from, or for the benefit of, his principal, there is a rebuttable presumption that the property is the property of the grantee in his individual capacity if the grantee claims an exemption from taxation under this clause.

In support of this argument, the Taxpayer cites *Tyson v. Commonwealth,* 684 A.2d 246 (Pa.Cmwlth.1996), and *Unit, Inc. v. City of Wilmington,* 294 A.2d 105 (Del.Super.1972). As a general rule, in transfers using a straw party, the straw party acts as an intermediary. Both *Tyson* and *Unit* involved two transfers, one from real grantor to straw party, and a second transfer from straw party to real grantee. In *Tyson,* the realty transfer tax was paid on the first transaction and the Tysons sought the exclusion on the second. In *Unit,* the transfer to the straw party was exempt, and the issue before the court was whether the transfer to the real grantee was also exempt.[8] Nothing in the facts of this case suggests that the general partnership in this case was a straw party. To the contrary, the stipulated facts disclose only one transfer based on a conversion of a limited partnership to a general partnership.

Having concluded that the realty transfer tax does not apply in this case because the deed was not a "document"—which conveys an interest in real estate to someone other than the grantor—within the meaning of the Act, we need not address the Taxpayer's constitutional issues.

Accordingly, the order of the Board is reversed.

## *O R D E R*

AND NOW, this 17th day of November 2000, the order of the Board of Finance and Revenue in the above-captioned matter is reversed. Judgment is entered in favor of Exton Plaza Associates.

---

**7.** *See e.g.,* 61 Pa.Code §§ 91.151 and 91.152.

**8.** The court concluded it was not under the wording of the Delaware statute, but only because the real grantor and real grantee were one and the same person and no real beneficial interest was conveyed to a person other than the grantee. The court noted that to interpret the statute to exempt both legs of the "round trip" straw party transaction would thwart the basic purpose of the transfer tax.

Judgment becomes final unless exceptions are filed within thirty (30) days of the entry of this order pursuant to Pa. R.A.P. 1571(i).

KELLEY and LEADBETTER, JJ., dissent.