**Joseph FARDA and Ann Farda, Petitioners**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 2, 2004.

Decided May 11, 2004.

George W. Westervelt, Jr., Stroudsburg, for petitioners.

Ronald H. Skubecz, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Joseph Farda and Ann Farda (Fardas), who are husband and wife, petition for review of the order of the Board of Finance and Revenue sustaining the Department of Revenue's (Department) imposition of a realty transfer tax in the amount of $52,233.20 on the conveyance of real estate from them to Farda Realty Associates, LP (Farda Realty), a limited partnership.

■ The parties have stipulated to the following facts. On February 13, 2001, the Fardas, as husband and wife, conveyed certain real estate situated in Pocono Township, Monroe County, Pennsylvania, to Farda Realty, a Delaware limited partnership which was formed on May 22, 2000. Joseph and Ann Farda are each limited partners of Farda Realty with a 49.5% interest individually and are general partners with a 1% interest as tenants by the entireties.[1]

At the time of recording, the Fardas filed an attendant "Statement of Value" that based on the Monroe County real estate tax exemption, the fair market value of the property was $5,223,320.20. The statement of value claimed a 100% exemption from the realty transfer tax because:

> The grantors each own fifty percent of the grantee limited partnership. This is not a document which conveys a real interest in real estate to someone other than the grantor. *See Exton Plaza Associates v. Commonwealth of Pennsylvania,* 763 A.2d 521 (Pa.Cmwlth.2000).

(*See* Statement of Value, Exhibit B, Stipulation of Facts.)

After review, on June 1, 2001, the Department issued a realty transfer tax notice of determination that the property was subject to that tax under Section 1102–C of the Realty Transfer Tax Act (Act)[2] and

---

1. A tenancy by the entireties is formed when a husband and wife take identical interests simultaneously by the same instrument and with the same right of possession, with an essential characteristic being that each spouse is seized of the whole or the entirety and not a divisible part thereof. *See Commonwealth v. One 1988 Toyota Truck,* 142 Pa.Cmwlth. 63, 596 A.2d 1230 (1991), *petition for allowance of appeal denied,* 531 Pa. 641, 611 A.2d 713 (1992). It is a unique form of co-ownership grounded in the common law concept that husband and wife were one legal entity.

2. Act of March 4, 1971, P.L. 6, *as amended,* added by the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. § 8101–C. The Act of May 5, 1981 repealed the predecessor Realty Transfer Tax Act which was reported at 72

that on the declared value of $5,223,320.20, $52,233.20 with interest was owed.[3]

■ The Fardas appealed the notice of determination to the Department's Board of Appeals, which sustained the Department's determination on April 22, 2002. The Fardas then appealed to the Board of Finance and Revenue (Board), which, after concluding that *Exton Plaza Associates* was not analogous because it involved the transfer from a general partnership to a limited partnership and not from tenants by the entireties to a general partnership and, as such, the Department's imposition of realty transfer tax in the amount of $52,233.20 was proper, sustained the decision of the Board of Appeals. This appeal followed.[4]

■ Citing to *Exton Plaza Associates*, the Fardas argue that the transfer tax does not apply in this case because the deed did not transfer a beneficial interest in land to anyone other than to themselves, the grantors. In *Exton Plaza Associates*, a general partnership held title to a shopping center with each partner owning 50%. For the purposes of becoming a single purpose and bankruptcy remote entity, the general partnership converted itself into a limited partnership of the same name with each limited partner owning 49.5% (the same partners in the general partnership) and 1% being owned by the general partner, Exton Plaza G.P., LLC (made up of the two limited partners). The conveyance was from an association which had decided to change its business form to a newly formed association of another kind which continued to carry out the very same activities. In that case, we recognized that, "transfers between partnerships are fully taxable, as are transfers between partnerships and their partners or members, unless the transaction is excluded; however, the first inquiry must be whether the deed affects a real transfer of an interest in property to someone other than the grantor." *Exton Plaza Associates*, 763 A.2d at 523. Because we characterized the transfer as merely the "memorialization" of "the conversion from a general partnership to a

---

P.S. §§ 3283–3292. The imposition of the tax in the current act remains essentially the same as under the predecessor act.

3. "The realty transfer tax is a tax upon the transaction, the transfer of title to real estate as evidenced by a document that is presented to be recorded." *Exton Plaza Associates*, 763 A.2d at 523. Section 1102–C of the Act provides:

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, ... a State tax at the rate of one percent of the value of the real estate represented by such document, which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document or within thirty days of becoming an acquired company.

72 P.S. § 8102–C.

Further, "document" as it is used in the Act, refers to "any deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate...." 72 P.S. § 8101–C. The Act also defines "Association" as "a partnership, limited partnership, or any other form of unincorporated enterprise, owned or conducted by two or more persons other than a private trust or decedent's estate," and "Transaction" as "the making, executing, delivering, accepting, or presenting for recording of a document." *See* 72 P.S. § 8101–C.

4. Appeals to this Court from Board decisions are heard *de novo* based on the record created before this Court or on stipulated facts. Pa. R.A.P. 1571(h); *Exton Plaza Associates*. The taxpayer correctly notes that tax statutes must be strictly construed against the Commonwealth, and any reasonable doubts as to its application to a particular case must be resolved in favor of the taxpayer. 1 Pa.C.S. § 1928(b)(3).

limited partnership," we concluded that the transfer under those circumstances was "analogous to the exclusion for correctional or confirmatory deed that does not change the beneficial interest in the property," and, as such, we reversed the imposition of the realty transfer tax. *Exton Plaza Associates,* 763 A.2d at 524. However, unlike *Exton Plaza Associates,* the Fardas, as grantors, were individuals, and not a business partnership wishing to change its business form under Pennsylvania law. The deed in this case conveyed legal title to "someone other than the grantors" because the Fardas, as tenants in the entirety, are not Farda Realty, the partnership, an entity governed by the laws for foreign registered limited liability partnerships. *See* 15 Pa.C.S. § 8211(a).

Moreover, this transfer is governed by Section 1102–C.4 of the Act, 72 P.S. § 8102–C.4. That provision provides that documents which transfer realty between associations and their members are subject to the 1% state transfer tax unless one of the enumerated exclusions listed in Section 1102–C.3 of the Act can be claimed. It states:

> [A]ny transfer or devise of title to real estate between associations or corporations and the member partners, shareholder or shareholders thereof are fully taxable. For the purposes of this article, corporations and associations are entities separate from their members, partners, stockholders or shareholders.

72 P.S. § 8102–C.4. The deed in this case transferred property from the Fardas, as individuals, to an association, of which they were the sole partners, which under this provision, makes the deed a taxable document. Because the deed was a taxable document that conveyed real estate with a fair market value of $5,223,320.20 to an association, the Board was correct in af-

firming the imposition of a 1% realty transfer tax in the amount of $52,233.20.

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this *11th* day of May, 2004, the Order of the Board of Finance and Review at No. 0113835, dated September 24, 2002, is affirmed. Unless exceptions are filed within thirty (30) days in accord with the provisions of Pa. R.A.P. 1571(i), judgment shall be entered in favor of the Commonwealth of Pennsylvania in the amount of $52,233.20.