**PENN TOWERS ASSOCIATES, LP and Joseph Soffer, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2004.

Decided Jan. 25, 2005.

Jennifer L. Cerce, Pittsburgh, for petitioners.

Ronald H. Skubecz, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Penn Towers Associates, LP (Penn Towers) and Joseph Soffer (together Taxpayers), petition for review of the February 25, 2003, order of the Board of Finance and Revenue, sustaining the Department of Revenue's (Department) imposition of realty transfer tax in the amount of $86,099.00 on a conveyance of real estate from Soffer to Penn Towers. We affirm.

The parties have stipulated to the following facts. On May 16, 2001, Soffer, an individual, conveyed certain real estate situate in Wilkins Township, Pennsylvania, to Penn Towers, a Delaware limited partnership formed on May 11, 2001. Soffer is the sole limited partner of Penn Towers, with a ninety-nine percent (99%) interest, and Soffer Management L.L.C. is Penn Towers' general partner, with a one percent (1%) interest. Soffer owns a one hundred percent (100%) interest in Soffer Management L.L.C.[1] Thus, at the time of transfer, Soffer effectively owned a one hundred percent (100%) interest in Penn Towers.

At the recording of the deed in Allegheny County, Soffer filed a statement of value regarding the real estate, which listed a county assessed value of $8,609,900.00, a common level ratio factor of one and a fair market value of $8,609,900.00. The statement of value claimed a one hundred percent (100%) exemption from the realty transfer tax because:

---

1. Penn Towers came into existence on May 11, 2001, when Soffer Family Partnership, L.P., executed a Certificate of Amendment in order to change its name after Violet Soffer, Soffer's spouse, transferred and assigned her interest in Soffer Family Partnership, L.P., to Soffer on May 10, 2001. Violet Soffer also assigned her interest in Soffer Management L.L.C. to Soffer on May 10, 2001.

The Grantor [Soffer] owns a 100% interest in the Grantee [Penn Towers]. The Grantor is the sole limited partner of the Grantee. The Grantor also owns 100% of the Grantee's general partner, Soffer Management, LLC. Thus, the deed in this transaction does not effect a transfer of a beneficial interest in the property to someone other than the Grantor. See, *Exton Plaza Associates*, 763 A.2d at 524. [*Exton Plaza Associates v. Commonwealth*, 763 A.2d 521 (Pa. Cmwlth.2000).] The realty transfer tax does not apply to this transaction because the deed is not a "document" which conveys and [sic] interest in real estate to someone other than the grantor within the meaning of the Realty Transfer Tax Act.

(Statement of Value, Stipulation of Facts.)

Despite Taxpayers' claim, on July 26, 2001, the Department issued a realty transfer tax notice of determination for the property indicating that the transfer of property was subject to the realty transfer tax under section 1102–C of what is commonly referred to as the Realty Transfer Tax Act (Act)[2] and that, on a determined value for the real estate of $8,609,900.00, Taxpayers owed $86,099.00, as well as $1,828.91 in interest.

Taxpayers appealed the notice of determination to the Department's Board of Appeals, which sustained the determination. Taxpayers then appealed to the Board of Finance and Revenue, which also sustained, and Taxpayers now appeal to this court.[3]

Taxpayers rely on *Exton Plaza*, for the proposition that the realty transfer tax applies only where the deed effects a transfer of property to someone other than the grantor. Thus, Taxpayers argue that, under *Exton Plaza*, the conveyance of real estate from Soffer to Penn Towers is not subject to realty transfer tax because Soffer, as the sole owner of Penn Towers, effectively transferred the property to himself. On the other hand, the Commonwealth contends that this case is controlled by our decision in *Farda v. Commonwealth*, 849 A.2d 297 (Pa.Cmwlth.2004), in which we held that a conveyance from *individuals* to a limited partnership, of which they were sole partners, was subject to the realty transfer tax. We agree with the Commonwealth.

In *Exton Plaza*, the taxpayer, a *general partnership*, sought exemption from the realty transfer tax for the conveyance of a shopping center to a *limited partnership*

---

**2.** Section 1102–C of Article XI–C, entitled Realty Transfer Tax, of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, added by the Act of May 5, 1981, P.L. 36, *as amended*, 72 P.S. § 8102–C states:

> Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for a State tax at the rate of one per cent of the value of the real estate represented by such document.

"The realty transfer tax is a tax upon the transaction, the transfer of title to real estate as evidenced by a document that is presented to be recorded." *Exton Plaza*. Further, "document" as it is used in the Act, refers to

"[a]ny deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate...." Section 1101–C of the Act, 72 P.S. § 8101–C.

**3.** Appeals to this court from decisions of the Board of Finance and Revenue are heard *de novo* based on the record created before this court or on stipulated facts. Pa. R.A.P. 1571(h); *Farda v. Commonwealth*, 849 A.2d 297 (Pa.Cmwlth.2004). Taxpayers correctly note that tax statutes must be strictly construed against the Commonwealth, and any reasonable doubts as to their application to a particular case must be resolved in favor of the taxpayer. 1 Pa.C.S. § 1928(b)(3).

of the same name and with the same principals and same business address. Although we recognized that transfers between partnerships are fully taxable, as are transfers between partnerships and their partners, unless excluded, we stressed that the first inquiry must be whether the deed effects a real transfer of an interest in property to someone other than the grantor. In this regard, we stated:

In this context, the stipulated facts tell us that the general partnership converted to the limited partnership, transferring a 1 percent interest to a limited liability company as the general partner. Regardless of the details of how this conversion was accomplished, the shopping center was essentially contributed to the Limited Partnership, and the principals' property rights in the shopping center remain essentially unchanged. The execution of the deed transferring the shopping center merely memorialized the conversion from a general partnership to a limited partnership.

Our conclusion—that the deed in this case does not effect a transfer of a beneficial interest in the shopping center to someone other than the grantor-is most analogous to the exclusion for a correctional or confirmatory deed that does not change the beneficial interest in the property.

*Exton Plaza,* 763 A.2d at 524.

In *Farda,* we distinguished the situation in *Exton Plaza* from that where the Fardas, a husband and wife as grantors, were *individuals* conveying certain real estate to a limited partnership of which they were the sole partners, not a business partnership wishing to change its business form under Pennsylvania law. Thus, the deed in *Farda* conveyed legal title to "someone other than the grantors" because the Fardas were not the same as the *partnership* to which they transferred the property. For this reason, we held that the transfer was governed by section 1102–C.4 of the Act, which states:

[D]ocuments which make, confirm or evidence any transfer or devise of title to real estate between associations or corporations and the members, partners, shareholders or stockholders thereof are fully taxable. For the purposes of this article, corporations and associations are entities separate from their members, partners, stockholders or shareholders.

Section 1102–C.4 of the Act, added by the Act of July 2, 1986, P.L. 318, 72 P.S. § 8102–C.4; *see also* 61 Pa.Code § 91.154.[4]

The situation in *Farda* is repeated here. Soffer, as grantor, is an *individual* and is different from Penn Towers, a limited partnership governed by the laws for foreign registered limited liability partnerships. *See* 15 Pa.C.S. § 8211(a). Because the deed in this case, which transferred property from Soffer to Penn Towers, is a conveyance between a partnership and a partner, the transfer is subject to realty transfer tax under the Act. *See* 72 P.S. § 8102–C.4; 61 Pa.Code. § 91.154.

Accordingly, we affirm.

### ORDER

AND NOW, this 25th day of January, 2005, the February 25, 2003, order of the Board of Finance and Revenue is hereby affirmed. Any party may file exceptions within 30 days under Pa. R.A.P. 1571(i).

---

4. "[L]imited partnerships ... are entities separate from their ... partners and [t]ransfers between these entities and their ... partners ... are fully taxable...." 61 Pa.Code. § 91.154.