**Randal V. KLINE and Carol L. Kline, Petitioners**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 5, 2006.

Decided May 19, 2006.

George W. Westervelt, Jr., Stroudsburg, for petitioners.

Ronald H. Skubecz, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

Randal V. Kline and Carol L. Kline (collectively, Petitioners) petition for review from an order of the Board of Finance and Revenue (Board) that affirmed the imposition of a realty transfer tax on each of the twenty-seven conveyances from Petitioners to Randcar, LLP.

The Petitioners, husband and wife, stipulated to the following:

1. The petitioners ... reside at 345 W. Mt. Airy Road, Lancaster, Pennsylvania, 17578.

2. The respondent is the Commonwealth of Pennsylvania.

3. On December 5, 2003, a total of 27 deeds were recorded in Lancaster whereby the Klines [Petitioners], as grantors, conveyed 27 parcels of real estate to Randcar, LLP, grantee.

4. Randcar, LLP, is a Pennsylvania limited liability partnership whose sole partners and 100 percent owners are the Klines [Petitioners].

5. For each of the 27 deeds recorded on December 5, 2003, a 100 percent exclusion from realty transfer tax was claimed and no transfer tax was paid. The statements of value that were filed with each deed claimed exemption from transfer tax as a "corrective or confirmatory deed" and included the explanation:

"Grantors and the principals are one and the same, therefore no meaningful transfer of title has occurred and the transfer is therefore exempt under 72 P.S. § 8102–C3(4) (see also *Commonwealth v. Exton Plaza*, No. F.R. 1990)."

6. After review, the Department of Revenue ("Department") determined that none of the 27 deeds recorded on December 5, 2003, was exempt from transfer tax and imposed the 1% state transfer tax, plus appropriate interest, on the value of each of the 27 parcels.

7. The Klines [Petitioners] appealed the Department's 27 determinations to the Board of Appeals which affirmed the Department's actions.

8. The Klines [Petitioners] appealed the 27 decisions of the Board of Appeals to the Board of Finance and Revenue.

9. On February 22, 2005, the Board of Finance and Revenue issued orders affirming the imposition of realty transfer tax on each of the 27 conveyances from the Klines [Petitioners] to Randcar, LLP. A complete list of each conveyance, the amount of transfer tax imposed and affirmed with interest, and the Board of Finance and Revenue docket number is attached hereto as Exhibit "A."

10. The Klines [Petitioners] have appealed the 27 Board of Finance and Revenue decisions of February 22, 2005, to this Court. All 27 decisions have been consolidated under this one petition for review, 124 F.R.2005.

Stipulations of Facts, August 22, 2005, Paragraphs 1–10 at 1–3.

■ On appeal[1], Petitioners contend that the conveyance from a husband and wife to a limited liability partnership is not subject to a realty transfer tax where the husband and wife are the sole owners of the limited liability partnership.

Section 1102–C of the Realty Transfer Tax Act (Act)[2], 72 P.S. § 8102–C, provides:

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, *shall be subject to pay for and in respect to the transaction or any part thereof, ... a State tax at the rate of one percent of the value of the real estate represented by such document,* which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document or within thirty days of becoming an acquired company. (emphasis added).

---

1. "Appeals to this Court from Board's decisions are heard *de novo* based on the record created before this Court or on stipulated facts." Pa. R.A.P. 1571(h). Tax statutes must be strictly construed against the Commonwealth, and any reasonable doubts as to its application to a particular case must be resolved in favor of the taxpayer. 1 Pa.C.S. § 1928(b)(3).

2. Act of March 4, 1971, P.L. 6, *as amended,* added by the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. § 8102–C. The imposition of the tax in the current act remains essentially the same as under the predecessor act. Tax Act, Act of December 27, 1951, P.L. 1742, *as amended,* formerly 72 P.S. §§ 3283–3292.

Section 1102–C.4 of the Act, 72 P.S. § 8102–C.4, provides:

> Except as otherwise provided in section 1102–C.3, documents which make, confirm or evidence any transfer or devise of title to real estate between associations or corporations and the members, partners, shareholders or stockholders thereof are fully taxable. For the purposes of this article, corporations and associations are entities separate from their members, partners, stockholders or shareholders. (emphasis added).

█ Also, "[t]he realty transfer tax is a tax upon the transaction, the transfer of title to real estate as evidenced by a document that is presented to be recorded." Exton Plaza Associates v. Commonwealth of Pennsylvania, 763 A.2d 521, 523 (Pa. Cmwlth.2000). Further, Section 1101–C of the Act, 72 P.S. § 8101–C, defines the term "document" as "[a]ny deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate. . . ."

In Farda v. Commonwealth, 849 A.2d 297 (Pa.Cmwlth.2004), this Court addressed a similar issue. Joseph and Ann Farda (the Fardas), husband and wife, stipulated that they had conveyed certain real estate to Farda Realty, a Delaware limited partnership. Each of them was a limited partner and had a 49.5% interest individually in Farda Realty. Also, they were general partners with a 1% interest as tenants by the entireties. The Fardas had claimed a 100% exemption from the realty transfer tax because "[t]he grantors each own fifty percent of the grantee limited partnership [and][t]his is not a document which conveys a real interest in real estate to someone other than the grantor . . . ." (citation omitted). Id. at 298, quoting Statement of Value, Exhibit B, Stipulations of Facts. The Department of Rev-

enue determined that the property was subject to the realty transfer tax pursuant to Section 1102–C of the Act, 72 P.S. § 8102–C. The Board of Appeals sustained the Department of Revenue's determination. The Fardas then appealed to the Board of Finance and Revenue (B.F.R.). The B.F.R. sustained the decision of the Board of Appeals and concluded that Exton Plaza Associates v. Commonwealth of Pennsylvania, 763 A.2d 521 (Pa.Cmwlth.2000) was not applicable because Exton Plaza involved the transfer from a general partnership to a limited partnership.

On appeal, the Fardas argued, as Petitioners do here, "[c]iting to Exton Plaza Associates . . . the transfer tax does not apply in this case because the deed did not transfer a beneficial interest to land to anyone other than to themselves, the grantors." Id. at 299. This Court rejected their argument:

> In Exton Plaza Associates, a general partnership held title to a shopping center with each partner owning 50%. For the purposes of becoming a single purpose and bankruptcy remote entity, the general partnership converted itself into a limited partnership of the same name with each limited partner owning 49.5% (the same partners in the general partnership) and 1% being owned by the general partner, Exton Plaza G.P., LLC (made up of two limited partners). The conveyance was from an association which had decided to change its business form to a newly formed association of another kind which continued to carry out the very same activities. In that case, we recognized that, 'transfers between partnerships are fully taxable, as are transfers between partnerships and their partners or members, unless the transaction is excluded; however, the first inquiry must be whether the deed

affects a real transfer of an interest in property to someone other than the grantor.' Exton Plaza Associates, 763 A.2d at 523. Because we characterized the transfer as merely the 'memorialization' of 'the conversion from a general partnership to a limited partnership,' we concluded that the transfer under those circumstances was 'analogous to the exclusion for correctional or confirmatory deed that does not change the beneficial interest in the property,' and, as such, we reserved the imposition of the realty transfer tax. Exton Plaza Associates, 763 A.2d at 524. *However, unlike Exton Plaza Associates, the Fardas, as grantors, were individuals, and not a business partnership wishing to change its business form under Pennsylvania law. The deed in this case conveyed legal title to 'someone other than the grantors' because the Fardas, as tenants in the entirety, are not Farda Realty, the partnership, an entity governed by the laws for foreign registered limited liability partnerships.* See 15 Pa.C.S. § 8211(a). Moreover, this transfer is governed by Section 1102–C.4 of the Act, 72 P.S. § 8102–C.4.... The deed in this case transferred property from the Fardas, as individuals, to an association, of which they were the sole partners, which under this provision, makes the deed a taxable document. Because the deed was a taxable document that conveyed real estate with a fair market value of $5,223,320.20 to an association, the Board was correct in affirming the imposition of a 1% realty transfer tax in the amount of $52,233.20. (emphasis added.)

*Farda,* 849 A.2d at 299–300.

Recently, in *Penn Towers Associates, LP v. Commonwealth of Pennsylvania,* 866 A.2d 1205 (Pa.Cmwlth.2005), this Court revisited *Farda.* In *Penn Towers Associates,* Joseph Soffer (Soffer) had conveyed real estate located in Wilkins Township, Pennsylvania, to Penn Towers, a Delaware limited partnership. Soffer was the sole limited partner of Penn Towers with a 99% interest. Soffer Management L.L.C., owned entirely by Soffer, was Penn Towers' general partner with a 1% interest. Soffer recorded the deed concerning the real estate and claimed a 100% exemption from the realty transfer tax. Because Soffer owned a 100% in Penn Towers (Grantee) and a 100% in Soffer Management, LLC (Grantee), "the deed in this transaction does not effect a transfer of a beneficial interest in the property to someone other than the Grantor." *Id.* at 1206. The department issued a realty transfer tax notice of determination under Section 1102–C of the Act, 72 P.S. § 8102–C. The Board of Appeals and the Board of Finance and Revenue sustained the department's determination.

On appeal, Soffer also cited *Exton Plaza* in support of his argument that the conveyance was not subject to the realty transfer tax because as the sole owner of Penn Tower he effectively transferred the property to himself. Again, this Court rejected such an argument:

In Farda, we distinguished the situation in Exton Plaza from that where the Fardas, a husband and wife as grantors, were *individuals* conveying certain real estate to a limited partnership of which they were the sole partners, not a business partnership wishing to change its business form under Pennsylvania law. Thus, the deed in Farda conveyed legal title to 'someone other than the grantors' because the Fardas were not the same as the *partnership* to which they transferred the property. For this reason, we held that the transfer was governed by section 1102–C.4 of the Act....

**412**

The situation in *Farda* is repeated here. Soffer, as grantor, is an *individual* and is different from Penn Towers, a limited partnership governed by the laws for foreign registered limited liability partnerships.... Because the deed in this case, which transferred property from Soffer to Penn Towers, is a conveyance between a partnership and a partner, the transfer is subject to realty transfer tax under the Act .... (emphasis in original).

*Penn Towers Associates,* 866 A.2d at 1207.

Here, as in *Farda* and *Penn Towers,* the Petitioners, as individuals, conveyed property to Randcar, LP, a partnership. Therefore, legal title to the twenty-seven properties passed to Randcar, LP, an entity other than the Petitioners themselves. The deed was a taxable document that conveyed real estate to a partnership. The Board properly affirmed the imposition of a 1% realty transfer tax.

Accordingly, this Court affirms.

### ORDER

AND NOW, this 19th day of May, 2006, the order of the Board of Finance and Review in the above-captioned matter is affirmed. Unless exceptions are filed within thirty (30) days in accord with the provisions of Pa. R.A.P. 1571(i), judgment shall be entered in favor of the Commonwealth of Pennsylvania.