IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of William R.                          :
Armor and the Armor Family Trust                     :
                                                     :
                                                     :   No.  1241 C.D. 2021
Appeal of: Department of Revenue,                    :   Submitted:  October 11, 2022
Inheritance Tax Division                             :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                               FILED:  November 7, 2022


        The Department of Revenue, Inheritance Tax Division (Department) appeals

the order of the Westmoreland County Court of Common Pleas (orphans' court),

dated September 28, 2021, and entered October 4, 2021, which reversed an order of

the Department's Board of Appeals (Board).  The Board's order denied a written

protest David W. Armor (Executor) filed challenging the Department's assessment

of inheritance tax on a transfer of property held in trust between his parents, William

R. Armor (Husband) and Josephine S. Armor (Wife) (collectively, the Armors).  The

Department argues Section 2107(c)(7) of the Inheritance and Estate Tax Act (Act)[1]

requires the imposition of tax.  This Court recently addressed a similar dispute in *In*

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, added by Section 36 of the Act of August 4, 1991,
P.L. 97, No. 22 (Act 22), 72 P.S. § 9107(c)(7).

*re Estate of Potocar*, ___ A.3d ___ (Pa. Cmwlth. No. 662 C.D. 2020, filed September 30, 2022) (*en banc*).  Based on that decision, we affirm.

## I. Background and Procedural History

The Armors created the Armor Family Trust (Trust) on August 17, 2004.  The Armors expressly created the Trust to qualify as a "grantor trust" under Section 676 of the Internal Revenue Code, 26 U.S.C. § 676.[2]  Reproduced Record (R.R.) at 48a. In addition, the Trust provided that the Armors would be the trustors and trustees of the Trust, and that property transferred to the Trust "shall be held by the [t]rustee[s] for the benefit of the [t]rustors as tenants by the entireties."  *Id.* at 48a-49a.  The Trust granted the Armors power to revoke or amend the Trust, invade the Trust principal, and transfer portions of the trust estate to others during their joint lifetimes. If the Armors revoked all or part of the trust estate, the property subject to revocation would "revert to both [t]rustors as joint tenants with right of survivorship."  *Id.* at 49a.

The Armors executed a First Amendment to the Trust on April 17, 2015.  The 2015 amendment changed the revocation provision in the Trust to indicate that, if the Armors revoked all or part of the trust estate, the property subject to revocation would "revert to both [t]rustors as tenants by the entireties."  *Id.* at 35a.  The 2015 amendment also eliminated language in the Trust providing for the option to create a separate trust if one of the Armors died and the "[s]urviving [s]pouse effectively disclaims all of his or her beneficial interest or interests in all or any specific portion of the [t]rust [e]state comprising the [d]eceased [s]pouse's interest."  *Id.* at 51.

---

[2] Section 676 provides, in relevant part: "The grantor shall be treated as the owner of any portion of a trust . . . where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a non-adverse party, or both."  26 U.S.C. § 676(a).

Husband died on June 6, 2016. Executor filed a Pennsylvania inheritance tax return on September 8, 2017,[3] which listed property totaling $3,606,143, the large majority of which was held in the Trust. The return indicated that the property was subject to a spousal tax rate of 0% and, thus, that no tax was due. On January 23, 2018, the Department issued a notice of inheritance tax appraisement, allowance or disallowance of deductions, and assessment of tax. The notice divided the property disclosed on the return, indicating $465,184 was subject to the spousal tax rate of 0%, but $3,140,959 was subject to the 15% rate that applied to all persons who did not qualify for a lower rate by virtue of a specified family relationship. This resulted in a tax due of $471,143.85, plus interest and penalties of $17,517.13, for a total of $488,660.98.

The Department's notice explained this assessment by citing a Trust provision that enabled the trustee to "distribute principal to anyone during the lifetime of the surviving spouse." *Id.* at 5a. The notice stated: "In the absence of a request for a future interest compromise, the Department has the right to assess tax at the highest rate in the chain of potential distributions. Therefore, the tax has been assessed at 15% . . . ." *Id.*

Executor filed a written protest with the Board.[4] He argued that all the Trust's property belonged to Wife, that no one other than Wife had an interest in the Trust, and that Wife could amend or revoke the Trust at will. Thus, Executor argued Trust

---

[3] Husband died testate. The Register of Wills granted letters testamentary to Executor and admitted Husband's will to probate on October 19, 2017, after the filing of the inheritance tax return.

[4] The documentation relating to the protest to the Board, including the Board's decision and order, does not appear in the original record. The documentation does appear in the reproduced record, however. Because the documentation's accuracy is not in dispute, we consider it for the limited purpose of describing the history of this matter. *See Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (citing *Commonwealth v. Killen*, 680 A.2d 851, 852 n.5 (Pa. 1996)).

property was Wife's "sole and separate property." *Id.* at 3a. Because Pennsylvania does not assess inheritance tax on transfers of property between spouses, he asserted, the Department's imposition of tax was improper.

On November 13, 2019, the Board issued a decision and order, denying the protest. The Board cited Section 2107(c)(5) of the Act, which imposes inheritance tax on transfers made during a transferor's life and without adequate consideration, if the transferor reserved for life or for a period not ending before death "possession or enjoyment of, or the right to the income from, the property transferred, or the right, either alone or in conjunction with any person not having an adverse interest, to designate the persons who shall possess or enjoy the property transferred or the income from the property . . . ." 72 P.S. § 9107(c)(5). The Board relied on portions of the Trust providing that the trustee pay to the trustors the entire net income of the Trust and as much of the Trust principal as they request, and that the trustors could direct the trustee to transfer Trust property to others. Because Husband was both a trustee and a trustor, the Board asserted, he had "the possession or enjoyment of, or the right to the income from, all the Trust assets during his lifetime." *Id.* at 82a. Further, the Board reasoned, Husband could "essentially distribute the entire Trust" to anyone at any time, such that "there is no way to quantify the range of possible scenarios." *Id.* The Board concluded it was appropriate to assess inheritance tax at a rate of 15%, "the highest rate in the chain of potential beneficiaries." *Id.*

Executor appealed the Board's decision to the orphans' court.[5] Pertinently, he argued there were several provisions in the Act "overriding" Section 2107(c)(5).

---

[5] Although we refer to Executor throughout this opinion as the person challenging the assessment of inheritance tax, the pleadings are somewhat inconsistent in this regard. Executor filed the initial inheritance tax return, but it is not clear whether he had direct involvement with the protest to the Board. R.R. at 1a-3a, 10a. The appeal to the orphans' court lists the appealing parties as Executor **(Footnote continued on next page…)**

4

According to Executor, these included Section 2111(m) of the Act.[6] That section, with limited exception, exempts from inheritance tax "[p]roperty owned by husband and wife with right of survivorship . . . ." 72 P.S. § 9111(m). Executor also cited Section 2113 of the Act,[7] which provides deferred tax treatment for "sole use trusts." A transferor creates a "sole use trust" by transferring "property for the sole use of the transferor's surviving spouse during the surviving spouse's entire lifetime . . . ." 72 P.S. § 9113(a). Finally, Executor cited Section 2116(1.1)(ii) of the Act,[8] setting the tax rate at 0% for "the transfer of property passing to or for the use of a husband or wife . . . ." 72 P.S. § 9116(1.1)(ii). Executor argued once again that an assessment of inheritance tax was improper because Wife had "complete control and ownership" of the property in the Trust. R.R. at 102a, 144a.

---

in his capacity as executor of Husband's estate, and both Executor and Wife in their capacities as the co-trustees of the Trust. *Id.* at 86a, 92a. Wife reportedly appointed Executor as co-trustee after Husband's death. *Id.* at 93a.

Section 2136 of the Act, added by Act 22, 72 P.S. § 9136, governs who is responsible for filing an inheritance tax return. It provides that the "personal representative of the estate of the decedent" must file a tax return as to any of the decedent's property "administered by him and additional property which is or may be subject to inheritance tax of which he shall have or acquire knowledge." 72 P.S. § 9136(a)(1). The transferee of any property "upon the transfer of which inheritance tax is or may be imposed" must also file a tax return, "including a trustee of property transferred in trust," but "[n]o separate return need be made by the transferee of property included in the return of a personal representative." 72 P.S. § 9136(a)(2). Sections 2186 and 2188 of the Act, added by Act 22, 72 P.S. §§ 9186, 9188, govern protests and appeals to the orphans' court. These sections provide that "[a]ny party in interest, including the Commonwealth and the personal representative" may challenge the Department's tax assessment. 72 P.S. §§ 9186(a), 9188(a). Here, because Executor filed the tax return and appears to have been the primary individual acting on behalf of Wife and the Trust during the proceedings, we refer to him as the appellee.

[6] Added by Act 22, 72 P.S. § 9111(m).

[7] Added by Section 35 of the Act of June 16, 1994, P.L. 279, 72 P.S. § 9113.

[8] Added by Act 22, 72 P.S. § 9116(1.1)(ii).

5

The Department responded to Executor's appeal, contending that the "only way" he could have avoided inheritance tax was by deferring it through a "sole use trust" under Section 2113. *Id.* at 120a. The Department further contended, however, that the Trust did not meet the requirements to be a "sole use trust." The Department emphasized Section 2102 of the Act,[9] defining "transfer of property for the sole use" as "[a] transfer to or for the use of a transferee if, during the transferee's lifetime, the transferee is entitled to all income and principal distributions from the property and no person, including the transferee, possesses an inter vivos power of appointment over the property." 72 P.S. § 9102. The Department noted that Wife retained an *inter vivos* power of appointment. The Department proposed that tax was due under Section 2107(c)(7), which imposes tax on transfers made during a transferor's life and without adequate consideration, if, relevantly, "the transferor has at his death, either in himself alone or in conjunction with any person not having an adverse interest, a power to alter, amend or revoke the interest of the beneficiary . . . ." 72 P.S. § 9107(c)(7).

By order dated September 28, 2021, and entered October 4, 2021, the orphans' court reversed the Board. The orphans' court did not provide a thorough explanation of its reasoning but, after summarizing the parties' arguments, noted simply that it was "constrained to agree with" Executor, and that it must "follow the established legal principles that are applicable to this particular fact situation." R.R. at 181a. Thus, the court concluded no inheritance tax was due.

The Department filed an appeal to this Court. The orphans' court directed the Department to submit a concise statement of errors complained of on appeal, and the Department complied. On appeal, the Department once again argues that the Trust

---

[9] Added by Act 22, 72 P.S. § 9102.

6

is not a "sole use trust" under Section 2113 and, therefore, is subject to inheritance tax under Section 2107(c)(7).

## II. Discussion

The Department's appeal requires us to interpret the Act and consider whether the assessment of inheritance tax was improper. Statutory interpretation presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014) (citing *Dechert LLP v. Commonwealth*, 998 A.2d 575, 579 (Pa. 2010)). That is, we do not defer to the orphans' court when making a decision and may review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

As noted above, this Court addressed a very similar dispute in *Potocar*. That matter involved facts nearly identical to this one, as it featured a husband and wife who placed their assets in a revocable trust as joint tenants with right of survivorship. *Potocar*, ___ A.3d ___, slip op. at 2. When the husband died, the wife filed a return indicating that she did not owe any inheritance tax. *Id.* at ___, slip op. at 3. The Department disagreed, setting off a series of appeals that resulted in this Court's *en banc* decision. *Id.* at ___, slip op. at 3-6. The parties' attorneys in that matter were the same arguing the case now on appeal, and they made largely the same arguments that they do now. Ultimately, this Court rejected the Department's position and concluded that no inheritance tax was due.

In reaching our conclusion in *Potocar*, this Court agreed with the orphans' court and both parties that the trust was not a "sole use trust" under Section 2113. *Id.* at ___, slip op. at 7-10. Because Section 2102 defines "transfer of property for

7

the sole use" to prohibit any person from possessing an *inter vivos* power of appointment, and the wife in *Potocar* retained an *inter vivos* power of appointment, Section 2113 did not apply. *Id.* at ___, slip op. at 9-10.

We went on to explain, however, that the transfer of property in *Potocar* was exempt from inheritance tax under Section 2111(m), which provides as follows:

> (m) Property owned by husband and wife with right of survivorship is exempt from inheritance tax. If the ownership was created within the meaning of section 2107(c)(3), the entire interest transferred shall be subject to tax under section 2107(c)(3) as though a part of the estate of the spouse who created the co-ownership.

72 P.S. § 9111(m).[10]

We concluded that the husband and wife in *Potocar* "owned" the property in their trust under Section 2111(m), and that exempting them from inheritance tax was consistent with "the General Assembly's consistent objective to spare a husband and wife from inheritance tax on transfers to each other while imposing tax on others." *Id.* at ___, slip op. at 11-15. Further, we explained the specific exemption from inheritance tax at Section 2111(m) controls over the more general language that might arguably impose tax at Section 2107(c)(7). *Id.* at ___, slip op. at 12.

The only real distinction between the case now on appeal and *Potocar* is that the Armors held the property in their Trust as tenants by the entireties rather than joint tenants with right of survivorship. This distinction does not change the result. "A tenancy by the entireties is a form of co-ownership of real or personal property by husband and wife, by which together they hold title to the whole and **right of**

---

[10] Section 2107(c)(3) imposes inheritance tax on transfers during the transferor's life and without adequate consideration, if the transfer was "made within one year of the death of the transferor . . . only to the extent that the value at the time of the transfer or transfers in the aggregate to or for the benefit of the transferee exceeds three thousand dollars ($3,000) during any calendar year." 72 P.S. § 9107(c)(3).

8

**survivorship**, so that, upon death of either, the other takes whole to the exclusion of the deceased's heirs."[11] *Hill v. Dep't of Corr.*, 64 A.3d 1159, 1165 n.4 (Pa. Cmwlth. 2013) (citing *Johnson v. Johnson*, 908 A.2d 290 (Pa. Super. 2006)) (emphasis added). Spouses form a tenancy by the entireties when they "take identical interests simultaneously by the same instrument and with the same right of possession, with an essential characteristic being that each spouse is seized of the whole or the entirety and not a divisible part thereof." *Farda v. Commonwealth*, 849 A.2d 297, 298 n.1 (Pa. Cmwlth. 2004) (citing *Commonwealth v. One 1988 Toyota Truck*, 596 A.2d 1230 (Pa. Cmwlth. 1991)). Thus, just as in *Potocar*, the Armors owned the Property in their Trust with right of survivorship, and "Husband's death, and the continuation of the Trust with Wife as the sole trustor and trustee, resulted in a transfer exempt from inheritance tax under Section 2111(m)." *Potocar*, ___ A.3d at ___, slip op. at 11.

### III. Conclusion

We conclude, therefore, that the Trust is not a "sole use trust" under Section 2113, but that the transfer that occurred at the time of Husband's death was exempt from inheritance tax under Section 2111(m). As a result, we affirm the order of the orphans' court dated September 28, 2021, and entered October 4, 2021.

_____
STACY WALLACE, Judge

---

[11] The functional difference between these forms of ownership is that "a joint tenancy . . . with the right of survivorship, unlike a tenancy by the entireties, is severable by the action, voluntary or involuntary, of either of the tenants." *McArthur v. Dep't of Pub. Welfare*, 674 A.2d 779, 781 (Pa. Cmwlth. 1996) (citing *Yannopoulos v. Sophos*, 365 A.2d 1312 (Pa. Super. 1976)) (emphasis omitted); *see also Maxwell v. Saylor*, 58 A.2d 355, 357 (Pa. 1948) (Stern, J., dissenting).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of William R.          :
Armor and the Armor Family Trust     :
                                     :
                                     :   No.  1241 C.D. 2021
                                     :
Appeal of: Department of Revenue,    :
Inheritance Tax Division             :


# **O R D E R**


    **AND NOW**, this 7th day of November 2022, the order of the Westmoreland County Court of Common Pleas, dated September 28, 2021, and entered October 4, 2021, is **AFFIRMED**.


                                      _____

                                      STACY WALLACE, Judge